HARDWARE MUTUAL CASUALTY *v.* MARTIN
MITNICK
SAME *v.* FRANK T. ENGEL, ET. AL.

[Nos. 21 and 22, April Term, 1942.]

*Decided May 26, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*W. Edgar Porter* and *W. Laird Henry,* with whom were *Porter & Cullen* and *Henry & Gould* on the brief, for the appellant in both cases.

*J. Edgar Harvey* and *Harry H. Cropper* for the appellees in both cases.

BOND, C. J., delivered the opinion of the Court.

Recovery was had in these two suits on a policy of automobile insurance issued to the owner, by judgment creditors of a person using the car with the owner's consent, and held liable for damages caused in a collision. The insurer denies liability under the terms of the policy. The cases have been argued together.

Vaughn S. Gordy was the owner, and his policy contained the omnibus clause insurance "not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof * * * provided further that the actual use is with the permission of the named insured." Gordy kept the car for the use of his granddaughter, Mrs. Jaqueline W. Phillips, and her mother, and Mrs. Phillips regularly kept the key and did all the driving. While out in it, she had, shortly prior to the collision, at the request of Philip C. Harrison who accompanied her, let him drive, and the collision occurred while Harrison was driving. A truck owned by Engel and Spector was struck and damaged, and certain machines being carried in it, owned by the appellee, Mitnick, were also damaged. There is no evidence that the owner, Mr. Gordy,

knew of Harrison's driving the car, or had consented to it; on the contrary, the only testimony on the point was that he had instructed his granddaughter to let nobody but herself drive it.

A suit by Engel and Spector against Mr. Gordy, Mrs. Phillips, and Harrison, tried first, resulted in a directed verdict for Mr. Gordy, and judgment against the other two defendants. The judgment against Harrison was entered by default. A suit by Mitnick, then called for trial, was disposed of by a stipulation that in view of the identity of evidence relied upon in both suits, if the judgment against Mrs. Phillips in the first suit should be affirmed on appeal she would confess a judgment in favor of Mitnick for $1,200, and that if no appeal should be entered by her she would still confess judgment for that sum. She did not appeal, and the judgment against her in the Mitnick suit was entered accordingly.

No satisfaction was obtained on either judgment or writs of *fieri facias,* and suits were entered by these judgment creditors of Mrs. Phillips on the policy held by Mr. Gordy.

In addition to a defense on the terms of the policy, there is one of a failure of Mrs. Phillips (if she be taken to be one of the insured) to co-operate in resisting the suits by making a misrepresentation to the insurance company's agents and attorneys. There is evidence that when she had reported the accident to them she had stated that she was driving the car when it occurred, with her grandfather's consent, and on that statement the insurer had instructed its attorneys to defend the suits then entered. But four months later she made known to the agent and the attorneys that Harrison had been driving then. She had made the first statement deliberately to avoid worrying her grandfather, who was old. Upon her correcting it, she signed an agreement that continuation of the insurer's attorneys in the defense of the suits should not be construed as a waiver of its rights, if any, to deny liability under the policy.

This court is unable to agree with the contention that the granddaughter, Mrs. Phillips, was not under this policy an insured for whose judgment debt the insurer would in any case be liable. It is argued that the words "person using," and "use," in the omnibus clause, refer to the actual driving of the car, not to taking the car out and controlling the trip while driven by another. But using a car in the ordinary acceptation of the words seems clearly to include a borrower's making use of it by riding while driven by another. Mrs. Phillips was "still the director of the enterprise, still the custodian of the instrumentality confided to [her] keeping, still the master of the ship." *Grant v. Knepper*, 245 N. Y. 158, 165, 156 N. E. 650, 652, 54 *A. L. R.* 845; *Arcara v. Moresse*, 258 N. Y. 211, 179 N. E. 389; *Johnson v. O'Lalor*, 279 Mass. 10, 180 N. E. 525. And see *Appleman, Automobile Liability Insurance*, 1938 Ed., p. 107 and cases cited.

The case is to be distinguished from those in which, while the coverage is extended to include liability for negligent damage by a person other than the owner, it is only the owner's liability that is insured. *Sears v. Maryland Casualty Co.*, 1941, 220 N. C. 9, 16 S. E. 2d 419; *Schoefer v. Farmers Automobile I. Exchange*, 13 Cal. App. 2d 289, 56 P. 2d 977; *Appleman, Automobile Liability Insurance*, 293. Here "any person while using the automobile * * * with the permission of the named insured" is expressly included as the insured; the effect of the words seems unescapable. Mrs. Phillips was also included with the terms of the same clause as one legally responsible for the use of the car. *American Casualty Co. v. Windham*, 107 F. 2d 88.

We agree that a continuation of the defense after disclosure of a misstatement amounting to lack of the co-operation required by the policy does not estop the insurer from disclaiming liability. The express waiver by the insured of that construction and that consequence obviates it. *Western Casualty Co. v. Beverforden*, 93 F. 2d 166; *Phillips v. Stone*, 297 Mass. 341, 344, 8 N. E. 2d 890.

It is found unnecessary to decide the question in this case, but a misstatement of such a material fact as that of the driving, if established, might well amount to a lack of the required co-operation, for it would be in effect that if negligence should be found in the driving, one of the insured would be liable when in point of fact one not covered by the insurance at all was driving; ground for a claim on the policy would be admitted when there might be none, and the insurer would be drawn into the defense when it had no obligation to defend. *United States Fidelity & Guaranty Co. v. Williams,* 148 Md. 289, 129 A. 660; *Appleman, Automobile Liability Insurance,* 265 to 267, and cases cited; *Coleman v. New Amsterdam Cas. Co.,* 247 N. Y. 271, 160 N. E. 367, 72 A. L. R. 1446, 1462. Mrs. Phillips, in this instance, had first made to a police officer and others, as well as to the insurer's agents and attorneys, the statement that she was driving, and this admission was introduced in evidence on the trial against her. The contradiction was made by her as a witness for the defense, and in the suit on the policy of insurance as well as in that against her, it was permissible for the jury to disbelieve the testimony and the defense, and fail to find any misstatement or lack of co-operation at all. Under the Maryland practice the court could not on the trial take the weight of the evidence of the fact as conclusive proof of it, but must submit the contradictory statements to the jury. *State v. Hecht Co.,* 165 Md. 415, 421, 169 A. 311.

These being the accepted principles, no error is found in a refusal of the trial court to direct a verdict for the insurer on the ground advanced.

Demurrers were sustained to all but two of several pleas filed by the defendant insurer setting up the defenses discussed, but we understand that the objection to the ruling is not pressed because under the rules of pleading prevailing when the ruling was made, before September 1, 1941, the pleas were demurrable because they amounted to the general issue. Two of the pleas

which, it is thought, may not have been demurrable on the same ground are found to be so, and the defense set up in them was entitled to no effect.

Exceptions were taken to the trial court's exclusion of questions as to Mr. Gordy's permission that Harrison should drive, but Mr. Gordy's testimony on the trial of the original case against him that he did not give the permission, and expressly forbade driving by anyone but his granddaughter, was introduced in evidence by the plaintiffs in the second suit, and as it was thus placed before the jury, no harm seems to have resulted from the rulings excepted to. The questions were answered as the excepting defendant desired.

On the appeals from the two judgments the questions argued have been the same, and the considerations here set out seem to require affirmances of both. How far the entry of the confessed judgment in favor of Mitnick by a stipulation might affect the appeal from that judgment is a problem that need not be considered.

*Judgment affirmed in each case, with costs.*