28 N.J. Super. 17 (1953)
99 A.2d 815
LIBERTY MUTUAL INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 22, 1953.
Decided July 2, 1953.
*18 Before Judges FREUND, STANTON and FRANCIS.
Mr. John W. Taylor argued the cause for plaintiff-appellant.
Mr. Charles C. Stalter argued the cause for defendant-respondent.
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
The critical question here is whether by virtue of the omnibus clause in a policy of liability insurance issued to an insured, the respondent insurance company became a co-insurer of a certain risk with appellant.
The record discloses that Adrian Hendricks and William Hendricks, trading as Hendricks Brothers, owned a certain automotive crane. The American Mutual Liability Insurance Company issued a liability policy to Hendricks Brothers insuring them against loss from the liability imposed by law arising from the use of the crane.
The policy contained the standard omnibus clause which provided:
"* * * the unqualified word `insured' includes the named insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission * * *."
Terminal Construction Corporation was engaged in the construction of a certain building at the time of the events with which we are concerned in this proceeding, and appellant, *19 Liberty Mutual Insurance Company, had issued a general liability policy of insurance safeguarding it from liability imposed by law arising out of its general construction operations.
Both policies contained like liability limits and co-insurance clauses, which say as to other insurance:
"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *."
Terminal rented the Hendricks Brothers crane with its operator for use in the construction of the building, to which reference has been made. And the parties agreed in the trial court that according to the contract crane and crew were to perform work under the direction of Terminal.
It was likewise stipulated that while the crane was being used on the Terminal project, the original plaintiff, one George McManus, was injured when struck by a load of lumber which was being lowered into position by the crane. A further and crucial stipulation was made, namely, that at the time of this accident,
"the crane was on the ground and the operator [Hendricks Brothers employee] could not see to lower the lumber in its place upon the roof of the building under construction. Accordingly, therefore, the foreman of Terminal stood on the roof and with arm signals, directed the lowering of the lumber onto the roof. While the crane was being so operated, the load of lumber struck McManus.
Obviously, therefore, the negligence in the original action arose from the signals given by the foreman of Terminal to the operator of the crane." (Insertion ours)
McManus sued Terminal and Hendricks Brothers, charging them both with negligence. Before trial negotiations for settlement were undertaken by Liberty Mutual on behalf of Terminal. However, American Mutual refused to participate, claiming that the accident was solely Terminal's liability and that the omnibus clause of the Hendricks Brothers policy did not provide coverage for Terminal or *20 make it a co-insurer with Liberty Mutual. Thereupon Liberty Mutual settled with McManus for a total of $2,470.61 and now seeks to recover one-half of the amount from American Mutual.
The parties have agreed that the amount of the settlement is reasonable. And there is no assertion that the adjustment was not made in good faith.
The matter was submitted to the trial court on the facts recited and judgment was rendered for the respondent. The result was predicated on the theory that to constitute an "organization legally responsible for the use" of the crane an agency between the operator of the crane and Terminal at the time of the accident had to be established. And it was held that the mere admission by American Mutual that Hendricks Brothers agreed "to furnish a crane and its crew to perform work under the direction of Terminal Construction Corp." standing alone "is altogether insufficient to sustain a finding as a matter of law that Terminal was legally responsible for the use of the Hendricks automobile."
But that is not the only admission on the subject. As already set forth, it was stipulated that because the crane was on the ground the operator could not see to lower the load of lumber into place on the roof and therefore the foreman of Terminal by means of arm signals directed the operation, and further, that this operation caused the accident. The effect of the action of the foreman was to make the crane operator a mere automaton; he was in effect a blind man and engaging in the particular operation of his crane merely as an instrumentality responding to the will of the agent of Terminal. Under the circumstances Terminal was clearly responsible for the use of the crane.
The concession that the crane was rented to be used at the "direction" of Terminal may not be sufficient of itself to demonstrate that the general right to control the manner and means of doing the work of the crane was transferred to or passed to Terminal under the rental agreement, as distinguished from the right simply to direct what was to be done. However, it is plain that in the specific instance out *21 of which the injury arose, Terminal was in fact exercising control over the manner of operation of the crane. This temporary control of the general employee of Hendricks Brothers transferred the responsibility for his operation to Terminal and subjected Terminal to the application of the doctrine of respondeat superior. Cf. Errickson v. Schwiers, Jr., Co., 108 N.J.L. 481 (E. & A. 1932); Devone v. Newark Tidewater Terminal, Inc., 14 N.J. Super. 401 (App. Div. 1951). Consequently it became legally responsible for the particular use of the crane.
The judgment is reversed and the record is remanded with directions to enter a judgment in favor of appellant and against respondent for $1,235.31 plus interest and costs.