LIBERTY MUTUAL INSURANCE COMPANY, a mutual corporation, Appellant,

v.

STEENBERG CONSTRUCTION COMPANY, a corporation (Plaintiff), and Employers' Mutual Liability Insurance Company of Wisconsin, a corporation (Third Party Defendant), Appellees.

No. 15074.

United States Court of Appeals Eighth Circuit.

Aug. 4, 1955.

---

Linus J. Hammond, St. Paul, Minn. (Reginald Ames and Cummins, Cummins, Hammond & Ames, St. Paul, Minn., on the brief), for appellant.

Michael W. Gaughan, Minneapolis, Minn. (Freeman & Peterson, Minneapolis, Minn., on the brief), for appellees.

Before GARDNER, Chief Judge, and JOHNSEN and COLLET, Circuit Judges.

JOHNSEN, Circuit Judge.

A general contractor, erecting an addition to a building in St. Paul, Minnesota, assumed to direct the movements of a subcontractor's truck, making delivery of mixed concrete for the general contractor's use in laying a floor, by supervising and signalling, from the rear of the truck, the course to be taken by the driver on the premises, in backing the truck to the spot where the general contractor desired to have the concrete dumped. The supervising, signalling and backing operations, so being carried on, resulted in the truck occasioning personal injury to a third party, not an employee of either the general contractor or the subcontractor.

The injured party sued both the general contractor and the subcontractor, in the Minnesota state courts, for negligence, and recovered a judgment against them jointly, which was affirmed by the Supreme Court of Minnesota, in Swanson v. J. L. Shiely Co., 234 Minn. 548, 48 N.W.2d 848. Satisfaction of the judgment was thereafter made, through payment of one-half of its amount by the general contractor and one-half by the subcontractor's truck-liability insurer. Suit was then brought by the general contractor, in the federal courts, on diversity jurisdiction, against the subcontractor's insurer, for indemnity, contending that the omnibus clause of the subcontractor's truck policy constituted the general contractor an insured under the policy, as to the accident involved. The trial court, on a non-jury trial, granted recovery, and the insurer has appealed.

The general contractor, during the pendency of the third-party action, had requested the insurer to recognize it as an insured under the policy and to take charge of its defense, but the insurer had refused. The insurer's policy contained the following omnibus provision: "The unqualified word 'insured' includes the named insured [here the subcontractor] and * * * also * * * any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured * * *." The general contractor carried comprehensive public-liability insurance, issued by another insurance company, on all of its construction activities, but the coverage thereof was qualified by a proviso in relation to vehicles owned by someone else, that "the insurance under this policy with respect to loss arising out of the use of any nonowned automobile shall be excess insurance over any other valid and collectible insurance available to the insured

under a policy applicable with respect to such automobile or otherwise".

The trial court, in granting recovery against the subcontractor's insurer, held that the active directing by the general contractor of the backward movement of the truck and the admitted following by the subcontractor's driver of the signals so given him—particularly since both of these things had been done as incidents of the construction work and both had proximately contributed to occasion the accident—made the participation of the general contractor such an immediate part of the actual operating of the truck as to constitute the general contractor, in a sufficient legal sense, a person "using the automobile", or in any event a person "legally responsible for the use thereof", within the language and coverage of the omnibus clause of the policy. The right of the general contractor in the situation to give the directions and the duty of the subcontractor's driver to conform to them are conceded here, so that no question of any nature is involved in respect to the condition or requirement of the truck policy that "the actual use of the automobile" must be "with the permission of the named insured".

We can see no reason generally to regard the trial court's reading and application of the language of the omnibus clause as being unsound or unreasonable in the situation. But more specifically controlling than this, as a question of reviewing a determination of state law made by a federal district court, we can in any event find no persuasive basis to warrant us in declaring the holding here to be clearly erroneous, as a considered appraisal, by a capable and experienced trial judge, of what the local law of his jurisdiction is. No Minnesota statute, decision or other demonstrable indication of state legal mind, on the effect of such omnibus-clause language, has been pointed out to us, or discovered by us, that is capable of even raising a doubt in our mind as to the permissiveness of the trial court's view.

In the absence of any controlling local criteria, the court's reading of the language, "any person while using the automobile and any person * * * legally responsible for the use thereof", as providing coverage to one engaged in such a direct participation in a truck's operation and movement, as was here involved on the part of the general contractor, impresses naturally and broadly as being both a realistic and common-sense one, and one which does no violence to either language or context of the omnibus clause. Plainly, we can not convictionally say that the trial court made an erroneous appraisal of Minnesota law.

As a matter of general perspective, it might be historically pointed out that omnibus clauses fundamentally have had their impetus from a public demand—crystallized specifically in some states into a statutory requirement, and effected generally in the rest through insurance-writing competition—that an insurer who is engaged in selling protection against negligent use of motor vehicles, and who undertakes to provide such coverage for a particular vehicle, ought, in both business and social fairness, as much to have a liability for a use of the machine on the part of another, resting in the named insured's permission, as for such a use by the named insured personally. In practical aspect, only on this basis can insurance protection in fact have existence in the ordinary incidents of present-day car ownership, object and use.

The trend and effect of judicial decision in the particular field have resultingly been to read and apply purported omnibus clauses as liberally as possible, in the general spirit of their fundamental underlying concept, refusing to permit artificial niceties of individual-clause language to serve to afford escape from co-equalness of coverage in favor of use-permittees with the named insured—such as the public regards omnibus clauses as abstractly providing—unless the language and the context of a par-

ticular clause used by some insurer compel the recognition, as a matter of law, of a coverage distinction or difference in the immediate situation presented. Cf. Chatfield v. Farm Bureau Mut. Auto Ins. Co., 4 Cir., 208 F.2d 250, 256; Collins v. New York Cas. Co., W.Va., 82 S.E.2d 288, 295.

Insurers can, of course, on this basis, in the absence of a statutory prescription, impose any coverage limitations as to permittees which they desire, and which they can get the insurance-purchasing public to accept in the marketing of their policies, but any such attempted limitation by artful language will, on judicial scrutiny, compellingly have to be able to stand on its own feet, without room for rationally reading it in broad reconciliation and harmony with the fundamental scope of general omnibus-clause concept and design.

The omnibus-clause term ordinarily employed in relation to permittee coverage is "use" or, as here, "while using", and these expressions are, as the trial court said, words of broad import. In the spirit of general, underlying omnibus-clause concept, as referred to above, the courts naturally and properly have refused to read these words in any such narrow sense as "mechanical operation", "while driving", etc. The terms have been accorded flexible and unabsolute content as occasion has arisen to evaluate them in the light of the circumstances of varying factual situations.

The substance or effect of many decisions has been to recognize "use" or "while using", as extending in broad gauge to the serving of some purpose or end of the permittee by means of the vehicle, of such a nature or involving such a right of control as to impose a legal responsibility upon the permittee for its incidents, with those incidents having, as a matter of coverage consideration, a tie of practical relationship to the purpose or end which the named insured, either generally or specifically, has allowed the vehicle to serve. cf. Persellin v. State Automobile Ins. Ass'n,

75 N.D. 716, 32 N.W.2d 644, 647; American Automobile Ins. Co. v. Taylor, D.C. Ill., 52 F.Supp. 601, 602–603; Hardware Mut. Cas. Co. v. Mitnick, 180 Md. 604, 26 A.2d 393; United States Fidelity & Guaranty Co. v. Church, D.C.Cal., 107 F. Supp. 683; American Casualty Co. of Reading, Pa. v. Windham, D.C.Ga., 26 F.Supp. 261, affirmed 5 Cir., 107 F.2d 88; Bituminous Cas. Corp. v. Travelers Ins. Co., D.C.Minn., 122 F.Supp. 197; Maryland Cas. Co. v. Tighe, 9 Cir., 115 F.2d 297; Red Ball Motor Freight v. Employers Mut. Liability Ins. Co., 5 Cir., 189 F.2d 374.

Beyond the question, however, of coverage from the term "while using" the insured truck, the omnibus clause here, as has previously been noted, also extended coverage to "any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured". It would seem that, so far as this aspect of coverage was concerned, the Minnesota state-court litigation had concludingly settled that the general contractor was, jointly with the subcontractor, responsible for the movement of truck, in the mutual purpose being served by its immediate use at the time of the accident, and that there could accordingly be no possible legal escape from the fact that the general contractor necessarily was a "person or organization responsible for the use thereof". See also Liberty Mut. Ins. Co. v. American Mut. Liability Ins. Co., 28 N.J.Super. 17, 99 A.2d 815.

But the insurer attempts to argue that the state-court litigation was not entitled to be regarded as having resolved or settled that the general contractor was directing the movement of the truck and so had a legal responsibility for its use at the time of the accident, and that the trial court therefore erred in according that effect to the litigation. The contention is that, while the only charge of negligence made against the general contractor in the complaint was the manner of its attempted directing of the move-

ment of the truck, and while the court in its instructions pointed out to the jury that this was the issue of negligence involved, the fact was that the testimony of the subcontractor's driver that such directions were being given to and followed by him had been denied by the general contractor's evidence, and that the third-party's attorney had thereafter argued to the jury that, if the general contractor did not engage in giving directions to the subcontractor's driver, then there should be held to be negligence on its part for having failed to do so. On this basis, it is urged that there is no right in the present suit to find that the general contractor was held liable in the state-court litigation on the basis of its having been, jointly with the subcontractor, "legally responsible for the use" of the truck.

We do not have the right, however, to speculate on whether the jury followed or went outside the issues as submitted to it by the court's instructions. The integrity of the jury's result is not open to collateral examination in this proceeding. We must assume legally that the jury performed its sworn duty, and that it therefore, in finding the general contractor guilty of negligence, did so only on the basis of the issue submitted to it by the court. But it also may be pointed out that no room has been left the insurer even for any factual conjecture about why the general contractor was held liable, in view of the express indication by the Minnesota Supreme Court of the basis of its affirmance of the judgment, in its statement, 48 N.W.2d at page 854, that "Had Steenberg's foreman not rerouted Shiely's trucks through the old warehouse and attempted to guide Roach as he backed up, Steenberg [the general contractor] would not have contributed to plaintiff's injury".

The rest of the insurer's contentions are sufficiently answered by what has previously been said in this opinion.

Affirmed.