Mrs. Robert L. ROGERS II et al v. STATE FARM
INSURANCE COMPANY

5-4397                                    422 S. W. 2d 677

Opinion delivered January 15, 1968

*Howell, Price & Worsham,* for appellants.

*Rose, Meek, House, Nash & Williamson,* for appellee.

J. Fred Jones, Justice. This appeal presents a rather unique question and tests the elasticity of coverage under an omnibus clause in an insurance policy.

The facts are these: After dark on January 4, 1963, a Mr. Brown's automobile stalled while he was driving east on Highway 270, east of Hot Springs. A Mr. Blocker was driving his pickup truck in the same direction and came upon Brown and his stalled automobile. Brown flagged the Blocker pickup to a halt, and at Brown's request, Blocker agreed to assist Brown in removing the stalled automobile from the blacktop pavement to

the shoulder of the highway. Brown steered his own automobile and Blocker drove his pickup in pushing the Brown vehicle from the rear. Blocker had pushed the Brown vehicle about fifteen feet and both vehicles had stopped about three feet off the pavement. Within a few moments after Blocker had stopped pushing the Brown vehicle,[1] a Mr. Moppin, driving his own automobile in the same direction as Blocker and Brown, veered to his left away from the Blocker and Brown vehicles and collided head-on with a station wagon occupied by Mr. and Mrs. Rogers and being driven west on the north side of the highway by Mrs. Rogers. Neither the Brown automobile nor the Blocker pickup were actually involved in the collision.

Mr. and Mrs. Rogers filed suits for personal injuries against Blocker, Brown and Moppin. Blocker and Moppin filed answers but Brown did not. Mr. and Mrs. Rogers dismissed their complaints against Moppin and Blocker without prejudice, and took default judgments against Brown for $10,000.00 in favor of Mr. Rogers, and for $2,000.00 in favor of Mrs. Rogers.

Mr. and Mrs. Rogers were unable to collect the amounts of the judgments against Brown, so on February 14, 1966, they filed separate complaints against the appellee, State Farm Insurance Company, alleging that State Farm had issued a liability insurance policy to Blocker; that Brown was an insured under the policy issued to Blocker, and that State Farm owed the amount of the judgments obtained against Brown. State Farm answered denying coverage for Brown under its policy to Blocker and denied that Brown had given notice of any claim made, or complaint filed, against him as was

---

[1]It was stipulated that Mike Thomas and Allen Lee would testify that both vehicles were off the pavement and that Blocker would testify that he had ceased pushing the Brown automobile, and that both vehicles were off the pavement; Mr. Rogers testified that the two vehicles were partially on and partially off the highway and "barely moving."

required of an insured under the provision of the insurance contract with Blocker.

The trial court, sitting as a jury, found that Brown was not an insured under the provisions of the policy issued to Blocker; that Brown did not comply with the notice provision in Blocker's policy, and that State Farm did not waive the provision in the policy requiring notice. Judgment was rendered for State Farm and on appeal to this court, Mr. and Mrs. Rogers rely on the following point for reversal:

> "Frank Brown being covered under the omnibus clause of a policy issued by appellee to Chester Blocker, and appellee having received sufficient notice and waiving the policy conditions as to formal notice, this cause should be reversed and judgment entered for appellants against appellee."

State Farm had issued an insurance policy to Blocker on his pickup truck agreeing "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages * * * caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the owned automobile."

Appellants contend that Brown was an insured under the provision of Blocker's policy which provides:

" 'Insured' includes

(1). The named insured and,

\* \* \*

(4). *Any other person while using the owned automobile,* provided the operation and the actual use of such automobile are with the permission of the named insured or such spouse and are within the scope of such permission. . . ." (Emphasis supplied).

So the question presented to the trial court was whether Brown was *using* the Blocker pickup and was

included as an insured under this provision of Blocker's policy, and was thus obligated to pay, on behalf of Brown, such sums as Brown was legally obligated to pay as damages caused by an accident arising out of the "ownership, maintenance or *use* . . ." of Blocker's pickup. The question before us on appeal is whether there is any substantial evidence to sustain the trial court in holding that Brown was not such insured.

Brown's legal obligation to pay is only evidenced by default judgments against him and the basis for his liability is obscured by the judgments, but having concluded that the trial court was correct in holding that Brown was not an insured under the policy issued to Blocker, we do not reach the lack of notice and waiver found by the trial court and we do not consider the argument of appellee on the question of liability on judgment without actual trial.

It is obvious to us that Blocker was using his own pickup truck in pushing Brown's automobile when the collision occurred, and that Brown was not using the Blocker vehicle within the meaning of the insurance policy issued to Blocker on the pickup.

*American Fire & Casualty Co.* v. *All-State Insurance Co.*, 214 F. 2d 523, cited by appellant, is readily distinguishable from the case before us. In the *American Fire* case, the insured had separate liability policies on his Chrysler automobile and his Jeep. He was driving the Chrysler and towing his Jeep behind his Chrysler when he crossed the center line of the highway with both vehicles and collided with another automobile. The liability carrier on the Chrysler settled all claims and sued for contribution from the liability carrier on the Jeep. The effect of the court's holding was that under the terms of the policy on the Jeep, it was not necessary that the Jeep be operated on its own motor power in order for the insurance carrier to be liable under the policy.

Appellants candidly admit that "research has found only one case involving the pushing of one car by another, and it fails to cover the present case. . . ." We have reached the same results in our own research.

We recognize the distinction between the construction to be placed on an omnibus clause extending the coverage of an insurance policy and an exclusionary clause limiting or excluding coverage under a policy. We also recognize the modern trend to broaden coverage under omnibus clauses of insurance contracts, (*Industrial Indemnity Co.* v. *Continental Casualty Co.*, 375 F. 2d 183) but liberal construction should not extend coverage under an omnibus clause, or restrict it under an exclusionary clause, beyond the plain words and obvious intent and meaning of the words used in the contract.

We apply the same reasoning in the case at bar as the court applied in the case of *Great American Indem. Co. of New York* v. *Saltzman*, 213 F. 2d 743, where the word "use" in connection with the use of an aircraft was being considered in interpreting an exclusionary clause in a liability insurance policy, and the court said:

"Of course if the term 'use' is construed to embrace all its possible meanings and ramifications, practically every activity of mankind would amount to the 'use' of something. However, the term must be considered with regard to the setting in which it is employed. * * *

The court is convinced that the term 'use' as employed in the exclusionary clauses was intended to mean and does mean the ordinary use or employment of the property or aircraft."

This same reasoning was again employed in *Maryland Casualty Co.* v. *Turner*, 235 Ark. 718, 361 S. W. 2d 646, where another exclusionary clause was involved, and in addition to employing the quote from the Saltzman case, *supra*, this court said:

> "The word 'Use' is, to some extent, employed by insurance companies as a substitute for the phrase 'care, custody, and control,' in exemption clauses in liability policies.

> "Therefore, approaching the construction of the phrase with common sense and practicality, we make use of the following quotations from *Great American Indemnity Co. of N. Y.* v. *Saltzman*, 213 F. 2d 743, which was a federal case applying Arkansas law."

The phrase "while using" must be read in context with the remainder of the omnibus clause in determining whether or not Brown was an insured under the policy issued on Blocker's truck in the case at bar. If Brown was *using* the Blocker vehicle, he was included as an insured while so *using* the Blocker vehicle provided that the *operation* and *actual use* was with Blocker's permission and (such operation and actual use) was within the scope of such permission.

In the case of *Wiebel* v. *American Farmers Mutual Ins. Co.*, 140 A. 2d 712, Wiebel had used his automobile to push his neighbor's automobile backwards from a driveway to the highway. The bumpers became engaged just before the car was pushed onto the highway pavement and Wiebel and the neighbor pushed the automobile onto the pavement by hand. An automobile traveling on the highway collided with the neighbor's car. The question was whether Wiebel's insurance carrier was obligated to defend under a policy clause requiring a defense where the suit arises out of "the ownership, maintenance or use of the automobile." In holding that defense was not required, the court said:

> "Automobile insurance contracts protect against liability for accidents arising out of the 'use' of vehicles but they cannot be held to protect against liability for accidents where the use of the automobile was not connected with the accident or the crea-

tion of a condition that caused the accident but merely with an unfinished project.''

In the case of *Southern California Petroleum Corp.* v. *Royal Indemnity Co.*, 369 P. 2d 407, coverage under an omnibus clause of an independent contractor's liability policy was being considered, and in that case the court said:

''It has been held that one employing an independent contractor may be using the vehicle of such independent contractor when such employer exercises supervisory control, at some time, over the vehicles or the movement thereof. The decisions recognize use as going beyond actual mechanical operation of the vehicle and 'as encompassing the broader concept of employing or putting the vehicle to one's service by an act which assumes at any time—with the consent of the owner or his agent—the supervisory control or guidance of its movements.' *Woodrich Construction Co.* v. *Indemnity Ins. Co. of North America*, 252 Minn. 86, 89 N. W. 2d 412. See, also, *Persellin* v. *State Automobile Ins. Ass'n.*, 75 N. D. 716, 722, 32 N. W. 2d 644, 647; *Hardware Mut. Cas. Co.* v. *Mitnick*, 180 Md. 604, 26 A. 2d 393; *Liberty Mut. Ins. Co.* v. *Steenberg Const. Co.*, 8 Cir., 225 F. 2d 294. But, absent the exercise of any supervisory control over the vehicle of an independent contractor, the one employing such independent contractor is not a person 'using' such vehicle within the meaning of the omnibus clause, when the actual use thereof is by the named insured or its employees.''

The record is not clear whether the Blocker truck was actually engaged in pushing the Brown automobile at the time of the collision or not, but be that as it may, there is no evidence at all that Brown was directing or supervising the operation. We can reach no other conclusion from the language used in the omnibus clause of Blocker's policy, than that *operation* and *actual use*

of the Blocker vehicle by Brown was intended before coverage would extend to Brown and that Brown was not *using* Blocker's vehicle within the scope of Blocker's permission for the operation or actual use of the vehicle by Brown, or within the scope and intentions of the omnibus clause in Blocker's policy.

Applying the common sense approach in the case at bar, if Brown was *using* Blocker's pickup truck to the extent of liability coverage as an insured within the meaning of the omnibus clause in Blocker's insurance contract, we can see no end to coverage or limits to which it could be extended by the liberal interpretation of the phrase "while using." Under such construction, Brown might well have been an insured under Blocker's policy had Blocker been hauling a sack of feed for Brown at Brown's request. In such event, Blocker's insurance carrier would be obligated to pay a default judgment against Brown, who might somehow be made a party defendant in a suit for damages growing out of the negligent operation of Blocker's truck by Blocker alone, but while hauling the sack of feed as an accommodation to Brown.

We do not perceive this to be the intent or effect of the omnibus clause in Blocker's insurance policy. The findings of the trial court are supported by substantial evidence in this case, and the judgment of the trial court is affirmed.

Affirmed.

FOGLEMAN, J., not participating.