# GOODWIN v. THE HOME INDEMNITY COMPANY

[No. 52, September Term, 1969.]

*Decided November 3, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY and SMITH, JJ.

*Jerome A. Dashner,* with whom was *Thomas Paul Raimondi* on the brief, for appellant.

*Alva P. Weaver, III,* for appellee.

SMITH, J., delivered the opinion of the Court.

Appellant John C. Goodwin (Goodwin) recovered a judgment against the estate of Joseph Svoboda (Svoboda) as a result of an accident on March 1, 1963. Svoboda was at that time operating a vehicle owned by Robert J. Gnau & Sons (Gnau & Sons) on which a policy of

insurance had been issued by appellee The Home Indemnity Company (Home). Goodwin ordered issuance of a writ of attachment on that judgment. It was laid in the hands of Home. Judge Sodaro, sitting in the Superior Court of Baltimore City, held that the omnibus clause in the policy issued by Home to Gnau & Sons did not cover Svoboda's operation. We shall affirm the action of Judge Sodaro.

On Wednesday, February 27, 1963, Svoboda had used a truck owned by Gnau & Sons to haul some canned goods from a boat to a railroad car. In so doing he broke the hinge on the truck door. The truck and keys were returned to Gnau & Sons on the same date. The Gnau & Sons trucks were normally kept on a lot across the street from the Satyr Hill Restaurant and Tavern. Two days later, on Friday evening, March 1, 1963, Svoboda and Robert J. Gnau (Gnau) had a chance meeting at the Satyr Hill Restaurant and Tavern. Svoboda volunteered to get the truck hinge fixed the following day, Saturday, at Svoboda's expense. Gnau indicated he would be otherwise occupied on Saturday morning. Svoboda then advised him that if Gnau gave Svoboda the key Svoboda would take care of the matter. Gnau says he understood that the truck would be fixed around 8:00 o'clock Saturday morning.

Gnau gave Svoboda the key around 8:00 o'clock Friday evening. He stated positively that he did not authorize use of the truck Friday evening. Gnau said he received a telephone call from Svoboda on Saturday morning between 2:00 A.M. and 3:00 A.M. advising him of the accident and that he had just been "riding around". Unfortunately, Svoboda is now deceased.

There was a stipulation filed in the trial court that the relevant portion of the insurance policy read:

> "Persons Insured: The named insured and any other person using such automobile with the permission of the named insured, provided his actual operation * * * is within the scope of such permission."

Judge Sodaro rendered his opinion on January 16, 1969, two days after our opinion in *Am. Home Assur. Co. v. Erie Ins.*, 252 Md. 116, 248 A. 2d 887 (1969), was filed, but prior to its publication. In that case we were concerned with an identical omnibus clause. It is clear that under our holding in that case there would be no coverage under the omnibus clause here since on these facts it cannot be said that Svoboda's "actual operation [was] within the scope of [the] permission [granted]".

Goodwin urges here, however, that the stipulation entered into as to the provisions of Home's policy was based upon a mistaken understanding. There is filed in this Court an agreed statement in which it is said that at the hearing before Judge Sodaro, Goodwin's attorney failed to produce the policy of insurance sued upon, that counsel for Home then produced a policy form, supplied by Home, which purported to contain the exact provisions contained in the policy issued by Home to Gnau, that on the strength of this the parties stipulated as to the contents of the policy, and subsequently Goodwin's attorney noted that the policy provision to which the parties had stipulated differed from the provisions referred to in an earlier letter to Svoboda from Home. The letter stated the policy provisions to be:

"Persons Insured: The following are insured under Part I:

(a) With respect to the owned automobile,
* * *

(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured."

Accordingly, Goodwin now urges that this case be remanded under Maryland Rule 871 a to determine which omnibus clause was in effect at the time of the accident.

In *Cohen, Administrator v. American Home Assurance Company*, 255 Md. 334, 258 A.2d 225 (1969), filed today we have considered a policy containing the words "provided the actual use of the automobile is by the

named insured or such spouse or with the permission of either", which is about as close to the language "provided the actual use thereof is with the permission of the named insured" here mentioned as one may expect to come without having an identical provision. We there held that under such language "coverage depends in that situation upon the scope of the permission granted" and that "actual use" means "the particular use contemplated when permission is granted and relied on". The permission granted to Svoboda and the use contemplated and relied upon when permission was granted was to pick up the truck Saturday morning for the specific purpose of repair, not a Friday night (or early Saturday morning) escapade.

We thus reach the conclusion that under either policy provision no coverage would be provided Svoboda. For that reason there would be no useful purpose to be served by a remand under Maryland Rule 871 a to determine which policy provision was in effect.

Accordingly, the action of Judge Sodaro must be affirmed.

*Judgment affirmed; appellant*
*to pay the costs.*