INSURANCE COMPANY OF NORTH AMERICA *v.*
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY ET AL.

[No. 54, September Term, 1977.]

*Decided November 3, 1977.*

The cause was argued before MURPHY, C. J., and SMITH,
DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*John H. Zink, III,* for appellant.

*William A. Hegarty* for appellees.

PER CURIAM:

We shall here reverse the decision of the Court of Special Appeals in *Insurance Co. of N. Am. v. State Farm,* 35 Md. App. 402, 370 A. 2d 566 (1977), which held a driver protected under the omnibus clause of an automobile liability policy issued by appellant, Insurance Company of North America. The policy in question provided coverage for "any . . . person using such automobile with the permission of the Named Insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission . . . ." The operator of the vehicle in question had his mother's permission to operate the vehicle. The trial judge found as a fact, however, that she "had instructed her son . . . not to let anyone drive the automobile." Contrary to this instruction, he permitted a friend to operate the vehicle. Although the son was a passenger, it was the friend who was driving at the time of the accident.

The clause in question is very similar to that before the Court in *Cohen v. Am. Home Assurance Co.,* 255 Md. 334, 258 A. 2d 225 (1969). The policy coverage there "include[d] any person while using the automobile . . . provided the actual use of the automobile [was] by the named insured or such spouse or with the permission of either . . . ." There the owner of the vehicle delivered the keys to her son "with the understanding that a friend . . . was to drive the car. She testified on direct examination, 'I made it definitely clear to [my son] that he was not to drive that car . . . .' " The son was driving the vehicle at the time of the accident. We held "that the use . . . made by [the son] was not within the scope of the permission granted and was not the particular use contemplated when the permission was granted."

The same day we decided *Cohen* we decided *Goodwin v.*

*Home Indemnity Co.*, 255 Md. 364, 258 A. 2d 220 (1969). In that case a stipulation was made in the trial court that the policy covered "any other person using such automobile with the permission of the named insured, provided his actual operation . . . [was] within the scope of such permission." Before us this stipulation was said to have been in error and it was suggested that the policy protected "any other person using such automobile, provided the actual use thereof [was] with the permission of the named insured." We referred in *Goodwin* to *Cohen* and said:

> "We there held that under such language 'coverage depends in that situation upon the scope of the permission granted' and that 'actual use' means 'the particular use contemplated when permission is granted and relied on.' The permission granted to Svoboda and the use contemplated and relied upon when permission was granted was to pick up the truck Saturday morning for the specific purpose of repair, not a Friday night (or early Saturday morning) escapade.
>
> "We thus reach the conclusion that under either policy provision no coverage would be provided Svoboda." *Id.* at 367.

We regard *Cohen* and *Goodwin* as controlling here. The facts of this case and the omnibus clause in question differ from those found in *Maryland Indem. Ins. v. Kornke*, 21 Md. App. 178, 319 A. 2d 603 (1974).

The Court of Special Appeals relied in part for its decision upon the adoption by the General Assembly of what was at the time of its decision Maryland Code (1957, 1972 Repl. Vol., 1976 Cum. Supp.) Art. 66½, § 7-101 (a) (now Code (1977) § 17-104 (a), Transportation Article) making it mandatory that every owner of a motor vehicle have liability insurance. The accident here in question took place on September 6, 1972. The policy in question was issued and effective prior to that date. The statute relative to compulsory liability

insurance did not become effective until January 1, 1973. Therefore, that statute could have no effect in interpreting the policy provision now before the Court.

> *Judgment reversed and case remanded to the Court of Special Appeals for passage of an order reversing the judgment of the Circuit Court for Baltimore County; appellees to pay the costs.*