566 A.2d 1117

**NATIONWIDE GENERAL INSURANCE COMPANY, et al.**

v.

**GOVERNMENT EMPLOYEES INSURANCE CO., et al.**

No. 537, Sept. Term, 1989.

Court of Special Appeals of Maryland.

Dec. 7, 1989.

Certiorari Denied March 9, 1990.

Ronald H. Jarashow (Franch & Jarashow, P.A. on the brief), Annapolis, for appellants.

Allen W. Cohen (Cohen, Bennett & Greene, P.A. on the brief for appellee, GEICO), Annapolis, John F.X. Costello (McCarthy, Bacon, Costello & Stephens, Landover, Patrick J. Callahan and Callahan & Callahan of Crofton, on the brief), for appellees, John and Nancy Bonnar.

Argued before WILNER, ROSALYN B. BELL, WENNER, JJ.

ROSALYN B. BELL, Judge.

This appeal from a decision of the Circuit Court for Anne Arundel County takes us once again into the arena insurance companies battle over which company is required to provide a defense, primary coverage, or any coverage at all,

for a successor permittee under an omnibus clause.[1]  Before presenting the issues, we must establish the relationship between the parties.  John Bonnar purchased a car on which his daughter Nancy was to make some of the payments out of her earnings.  Mr. Bonnar insured the car with Government Employees Insurance Company (GEICO).  Nancy was a permitted driver under the policy.  Stephen Hughes, Nancy's boyfriend, was not expressly permitted to drive the car by Mr. Bonnar, but was granted permission on occasion by Nancy.  Stephen's father was insured by Nationwide General Insurance Company (Nationwide).  The accident occurred on March 20, 1987 on the way to school while Stephen was driving and Nancy was sitting on the console between the seats.  Nancy had specific permission to drive the car to school.  Stephen had picked up his friend Sean Fohner, who sat in the passenger seat.

Nationwide filed a complaint, seeking a declaratory judgment that GEICO be required to provide primary coverage and a defense for Stephen.  Mr. Bonnar and Nancy (the Bonnars) counterclaimed, seeking a declaration that Nationwide provide insurance coverage under the policy Nationwide had issued to Stephen's father.  On a summary judgment but after trial, the court dismissed the Bonnars' counterclaim because there was no justiciable controversy.  The court also found that GEICO had no obligation to defend or provide coverage.  Nationwide and Stephen (hereinafter referred to as Nationwide) jointly appealed.[2]

---

1.  The cases on this issue of coverage of a second permittee under the omnibus clause have been hotly litigated and decided in contradictory fashion.  *See* Annotation, *Omnibus Clause As Extending Coverage To Third Persons Using Car With Consent of Permittee of Named Insured,* 21 A.L.R.4th 1146, 1189–1204 (1983).  Cases concerning the liability under an omnibus clause must be determined by a close analysis of the specific policy provisions and factual circumstances.  *Cohen v. American Home Assurance Co.,* 255 Md. 334, 348, 258 A.2d 225 (1969).

2.  The Bonnars originally cross-appealed, but dismissed their cross-appeal prior to oral argument.

Nationwide complains that GEICO should have been required to provide coverage and defense, presenting the issues as:

—Whether the court erred in failing to find that Stephen, as a second permittee, was an insured since Nancy, the first permittee who was present in the car, was "using" the car with permission of the named insured, under the first sentence of paragraph 2 of the GEICO policy.

—Whether "actual use" of the automobile was within the scope of a permitted purpose under the second sentence of paragraph 2.

—Whether the court erred in not finding GEICO's omnibus clause was ambiguous and void since it was against public policy.

We agree with Nationwide that the trial court applied the wrong definition of "use," and that Stephen was, in fact, a permitted user of the vehicle. Since we hold that Stephen fulfilled the first permission requirement, and the court found that the actual use, the second "permission" requirement, was within the scope of that permission, we reverse the judgment. We hold that Stephen Hughes is an insured under section two of the GEICO policy and GEICO owes him primary coverage. Because we hold that Stephen is covered under this section, we need not address Nationwide's claims of coverage alleged because Nancy was using the car with her father's permission and is "any other person" under the second paragraph of "Persons Insured." [3] Similarly, we need not address Stephen's coverage under section three of the GEICO policy or the invalidity of the omnibus clause.

---

**3.** This policy is in accord with the Court of Appeals' decision in *Melvin v. American Automobile Insurance Co.,* 232 Md. 476, 194 A.2d 269 (1963), where it faced a similar situation. It stated, "[H]e [the son] could probably qualify under (a)(2), as a person actually using the owned automobile with the permission of the named insured, although we need not decide." *Melvin,* 232 Md. at 478, 194 A.2d 269. We follow this rationale since it is Stephen's coverage, not Nancy's, that is at issue.

## FACTS

In August 1986, Mr. Bonnar purchased a 1986 Pontiac Fiero. He bought the car primarily for Nancy to go to and from school after she obtained her driver's license, which she did in December of 1986. It is undisputed that Mr. Bonnar told Nancy on numerous occasions that she was not to let anyone else drive the car. He specifically instructed her that Stephen was not to drive. Mr. Bonnar also explicitly told Nancy that the two-seater vehicle was not to carry more than two people, including the driver, in it. It is also clear that Mr. Bonnar was the owner of the car. The title was in his name and, although Nancy made a portion of the payments, Mr. Bonnar was ultimately responsible for the payments on and the maintenance of the vehicle.

In her deposition, Nancy testified that she had told Stephen that her father did not want him driving the car; that the car really belonged to her father; and that Mr. Bonnar refused to add Stephen's name to the insurance policy. After the accident, Stephen moved Nancy to the driver's seat.[4]

Mr. Bonnar insured the vehicle with GEICO; he was the "insured person" under the policy. The policy also provided for coverage of other persons as set forth by the omnibus clause which stated in pertinent part:

"PERSONS INSURED

Who is covered

Section I applies to the following as insured with regard to an owned auto:

1. you and your relatives;

2. any other person *using* the auto with your permission. The actual use must be within the scope of that permission;

3. any other person or organization for his or its liability because of acts or omissions of an insured under 1 or 2 above." (Emphasis added.)

---

**4.** Stephen later admitted to the police that he had been driving the car.

Nationwide alleges that this clause extended coverage to Stephen. We agree and explain.

## OMNIBUS CLAUSE COVERAGE

Before we look at the instant case further, we review the relevant Maryland case law as it developed. *Zurich Insurance Co. v. Monarch Insurance Co. of Ohio,* 247 Md. 3, 230 A.2d 330 (1967), noted the division of authorities regarding whether a second permittee is deemed to be using the vehicle with the permission of the named insured. The Court of Appeals cited then Federal District Court Judge Winter's (now on the United States Court of Appeals for the Fourth Circuit) prediction in *Ohio Casualty Insurance Co. v. Pennsylvania National Mutual Casualty Insurance Co.,* 238 F.Supp. 706 (D.Md.1965), *aff'd,* 352 F.2d 308 (4th Cir.1965) (per curiam), that the Court of Appeals would extend coverage to second permittees. Judge Winter based his prediction on *Melvin v. American Automobile Insurance Co.,* 232 Md. 476, 194 A.2d 269 (1963), and *Hardware Mutual Casualty Co. v. Mitnick,* 180 Md. 604, 26 A.2d 393 (1942). *Melvin* involved the extension of coverage to a second permittee based on policy language affording such to "[a]ny other person ... legally responsible for the use of" an automobile. The Court of Appeals reversed the trial court and extended coverage to the second permittee. In *Mitnick,* the Court of Appeals held that using a car includes a borrower's making use of it by riding while driven by another. *Mitnick,* 180 Md. at 607, 26 A.2d 393. In *Zurich,* however, the Court declined to fulfill the prophecy of *Ohio Casualty.* The *Zurich* Court distinguished *Mitnick* where it had extended coverage. It held that in *Zurich* since the second permittee had his girlfriend with him in the front seat, while the initial permittee sat in the back, the "benefit of the use of the car inured to [the second permittee]." *Zurich,* 247 Md. at 10, 230 A.2d 330. Thus, coverage was denied.

In 1969, the Court of Appeals decided three cases in this area: *American Home Assurance Co. v. Erie Insurance*

*Exchange,* 252 Md. 116, 248 A.2d 887 (1969), *Cohen v. American Home Assurance Co.,* 255 Md. 334, 258 A.2d 225 (1969), and *Goodwin v. Home Indemnity Co.,* 255 Md. 364, 258 A.2d 220 (1969). In *Erie Insurance Exchange,* the policy provided coverage for any other person using the car with the insured's permission and where the "actual operation" of the vehicle was within the scope of the permission. The sole issue on appeal was whether the permittee operated the car within the scope of the permission granted. The Court had no trouble in holding that, while the use of the vehicle was originally permitted, the actual operation was not (the accident occurred two and one-half hours after the driver borrowed it for a trip that was not to have taken more than 45 minutes, and the permittee had not yet picked up his wife which was his intended purpose).

In *Cohen,* the policy coverage depended on whether the actual use of the automobile was by the named insured or such spouse or with the permission of either. The mother owned the car and gave the keys to her son with the understanding that a friend, not the son, would drive. The son was driving at the time of the accident. The Court held "that the use ... made by [the son] was not within the scope of the permission granted and was not the particular use contemplated when the permission was granted." *Cohen,* 255 Md. at 349, 258 A.2d 225. The Court of Appeals affirmed the decision of the trial court and held that American Home was not responsible for the defense of the son who drove without permission.

*Goodwin,* decided the same day as *Cohen,* involved a dispute over a policy provision. The parties had stipulated that the actual operation of the vehicle must be within the scope of permission given by the named insured. On appeal, this stipulation was said to be error because the policy language protected any person using the automobile provided the actual use thereof was with the permission of the named insured. The *Goodwin* Court said it did not matter which language was operative. The permission granted to the permittee was for a repair pick up on Saturday morning,

"not a Friday night (or early Saturday morning) escapade," which occurred. *Goodwin,* 255 Md. at 367, 258 A.2d 220. Based on these facts the Court held that the driver was not covered.

Then, in *Maryland Indemnity Insurance Co. v. Kornke,* 21 Md.App. 178, 196–97, 319 A.2d 603 (1974), this Court changed the tide of decisions which refused to extend coverage to permittees and second permittees. In *Kornke,* an 18–year–old son lived at home with his parents. He drove his father's car almost every day to and from school and work. He was told not to allow anyone else to drive the car. One evening, while driving the car with his father's permission, he had car trouble. While attempting to fix it, he hurt his arm and someone else volunteered to drive. The accident occurred with the son's friend at the wheel. The omnibus clause at issue in *Kornke* extended coverage to any person using the automobile and any person legally responsible for the use thereof. This Court held that the son was still "using" his father's car with his father's permission. We held that the second permittee drove the car for the convenience of the first permittee who was in the car at the time of the accident and was benefitted by the second permittee's driving. These factors enabled this Court to distinguish between circumstances where the second permittee uses the car for his or her own benefit, and cases like *Kornke* where we extended coverage to the second permittee under the car owner's omnibus clause.

*Cohen* and *Goodwin* were held to be controlling in *Insurance Company of North America v. State Farm Mutual Automobile Insurance Co.,* 281 Md. 381, 378 A.2d 1344 (1977) (per curiam), where the Court of Appeals reversed this Court. *Insurance Company of North America v. State Farm Mutual Automobile Insurance Co.,* 35 Md. App. 402, 370 A.2d 566 (1977). In *State Farm,* the Court of Appeals held that *Kornke* did not apply because of the disparate facts and omnibus clause. (This Court had contrasted the differences in the policies.) The facts as set out

by this Court were that a mother owned a car which she let her son borrow. Although he had been told not to let anyone else drive the car, his friend was driving at the time of the accident. The car owner's insurance policy provided for coverage of "any other person using such automobile with the permission of the Named Insured, provided his actual operation of (if he is not operating) his actual use thereof is within the scope of such permission." *State Farm*, 35 Md.App. at 404, 370 A.2d 566.

Chief Judge Gilbert, writing for the Court of Special Appeals in *State Farm*, had adopted the liberal rule of construction for omnibus clauses. He supported this adoption, as New Jersey Courts had done, by looking to the Legislature. But the Court of Appeals held that, since the accident in the *State Farm* case occurred prior to the adoption by the General Assembly of then Md.Code Ann. Art. 66½, § 7–101(a) (1957, 1972 Repl.Vol., 1976 Cum. Supp.), mandating that every owner of a vehicle have liability insurance, this provision could not be used to interpret the policy as this Court had done in extending coverage.[5]

*Cohen, Goodwin* and *State Farm* construed policies narrowly and refrained from extending coverage to second permittees. In contrast, the Court of Appeals decided *Federal Insurance Co. v. Allstate Insurance Co.*, 275 Md. 460, 341 A.2d 399 (1975). In *Allstate*, 275 Md. at 471, 341 A.2d 399, the Court observed:

"The question which we have not previously had occasion to consider is whether a second permittee is also an insured under an omnibus clause such as the one here on the grounds that he is using the automobile 'with the permission of the named insured.' Previous cases that have extended coverage to the second permittee were based on an omnibus clause naming, as an insured, any person 'legally responsible' for the use of the automobile,

---

**5.** We read the opinion of the Court of Appeals as leaving open the viability of such an interpretation for accidents occurring after this date.

provided the actual use was with the permission of the named insured. In such cases, the second permittee was covered because, as the operator of the vehicle, he was 'legally responsible' for the use, although the actual use was by the first permittee. The Allstate policy in question here does not contain such a phrase; consequently, the second permittee (Straz) is covered only if he was *using* the automobile with the implied permission of Direct Way." (Emphasis in original.) (Citations omitted.)

The Court then quoted a passage from 7 Am.Jur.2d *Automobile Insurance* § 117 (1963), which notes that recovery is generally *not* precluded where (1) the original permittee is in the car and (2) the second permittee serves some purpose of the original permittee. The Court cited *Kornke* and added that, even where there is an express prohibition for others to operate the vehicle, the second permittee is generally held to be covered if the facts fit the above exceptions. The *Allstate* Court extended coverage to a third permittee under the first permittee's insurance policy based on this argument.[6]

More recently, omnibus clause coverage was addressed by the Court of Appeals in *Bond v. Pennsylvania National Mutual Casualty Co.*, 289 Md. 379, 424 A.2d 765 (1981). Unlike *Kornke* and the instant case, the first permittee was not present in the automobile when the *Bond* accident occurred. *Kornke* was discussed in the *Bond* brief of one of the appellants and by the appellees, primarily for the distinction between "use" and "operation" and not to support an extension of coverage. The decision of the Court of

---

**6.** *Allstate* involved another party. Schwartz, the car owner, wanted to have someone drive his car down to Florida. He went to Direct Way (first permittee) which in turn authorized Frank (second permittee) to drive. Frank shared the driving with his friend Straz (third permittee), unbeknownst to either Schwartz or Direct Way.

Additionally, when analyzing coverage under the car owner's policy, the Court stated that where coverage is extended by the omnibus clause only to persons using the vehicle 'with the permission of the insured,' coverage depends on the scope of the permission granted. *Allstate*, 275 Md. at 473, 341 A.2d 399.

Appeals in *Bond,* however, failed to mention the *Kornke* case. The *Bond* Court did note the annotation referred to in *Kornke* (Omnibus Clause of Automobile Liability Policy as Covering Accidents Caused by Third Person Who Is Using Car With Consent of Permittee of Named Insured, 4 A.L.R.3d 10 superseded in part by 21 A.L.R. 4th 1146, *see* n. 1 *supra* ) and footnoted the two variations from the general rule denying coverage to the second permittee where there is an express prohibition which were previously mentioned in *State Farm.* The failure in *Bond* to overrule or discuss the *Kornke* decision suggests that *Kornke* was not disapproved. In fact, the two opinions are not inconsistent. *Bond* states the general rule of denying coverage when the named insured has expressly prohibited the first permittee from allowing others to drive the car. *Bond* did not distinguish the variations within this category, such as where the first permittee is present and where the second permittee uses the vehicle for his or her own purposes. *Bond* notes that there are two exceptions but did not comment upon their validity in Maryland; *Kornke* is one of those exceptions. The omnibus clause at issue in *Bond* contained language which limited the "actual operation" to the scope of such permission. *Bond,* 289 Md. at 381, 424 A.2d 765.

The *Bond* Court explained its denial of coverage to the second permittee, who drove without the first permittee's presence, by stating:

> "The reason we conclude that appellant Bond cannot prevail here, and the short answer to her contrary assertion, is that once the trier of fact determined (as without being clearly erroneous he did in this case) that the named insured 'had *specifically* restricted her daughter, Kathy, from allowing anybody, including Renee Lantz, to drive the car,' and that this express ban was operative when the accident occurred, there is no escape from Judge Raine's further conclusion that 'you cannot imply something in face of an express statement to the contrary.' "

*Bond,* 289 Md. at 385, 424 A.2d 765 (emphasis in original). This statement could lead to the conclusion that in Maryland a determination that a parent expressly prohibited a child from allowing anybody to drive the car is the end of the factual inquiry. Footnote 1 in *Bond,* 289 Md. at 386, 424 A.2d 765, however, questions this belief since it suggests some exceptions to the general rule as applied in other jurisdictions where: (1) the first permittee was riding in the car or was benefitted by its operation, and (2) the second permittee's driving was occasioned by an emergency or a situation involving elements of urgency or necessity benefiting the first permittee. Thus, in *Bond,* Judge Digges appropriately concluded that the policy was unambiguous and specified that the person operating the vehicle must enjoy permission to operate it from the named insured. *Bond,* 289 Md. at 387, 424 A.2d 765. Such language is noticeably absent in the instant case.

We hold that the instant case falls within the first proposed exception alluded to in *Bond,* and meets the *Kornke* "tests" since Nancy, the first permittee, was in the car with Stephen and was benefitted by its operation. GEICO's assertion that, because the GEICO policy language is unlike *Kornke,* the general rule of *Bond* applies is patently incorrect. The GEICO policy language is different from the language in both *Bond* and *Kornke.* Further, the present case is factually quite similar to *Kornke* and unlike *Bond* since the first permittee accompanied the second permittee. *Kornke,* as this Court noted in its opinion, fits both exceptions.[7] *Kornke,* 21 Md.App. at 197, 319 A.2d 603. The facts in *Bond,* as the Court of Appeals suggested, did not require that Court to "consider the validity" of either exception in Maryland. *Bond,* 289 Md. at 386, n. 1, 424 A.2d 765.

---

7. We note that GEICO cites *Steger v. Egyud,* 219 Md. 331, 149 A.2d 762 (1959), for the proposition that an exception is to be strictly construed. While we do not question this general statement of law, we do question the use of this case for its support.

—Sister Jurisdictions—

As previously stated, the decisions in the area of coverage under omnibus clauses vary widely. Where the owner has expressly prohibited the first permittee from extending coverage, some Courts have held that there is no coverage because the necessary permission of the named insured is lacking.[8] Other Courts have taken the position that the second permittee is generally covered regardless of an insured's prohibition. Courts which extended the coverage have, for public policy reasons, held that, once initial permission is granted to the first permittee, the first permittee can extend coverage to subsequent second permittees (ab-

---

8. *See State Farm,* 281 Md. 381, 378 A.2d 1344, discussed *supra* at 111–12. *See also Selected Risk Ins. Co. v. Travelers Ins. Co.,* 287 A.2d 675, 678 (Del.1972) (no coverage where named insured repeatedly told his daughter not to let anyone else drive—also although insurance company agreed to let named insured authorize additional covered drivers, it did not agree to minor's ability to do so); *Jones v. Lumbermen's Mut. Ins. Co.,* 161 So.2d 445, 448 (La.App.1964), *cert. denied,* 245 La. 1077, 162 So.2d 572 (1964) (coverage denied where friend asked to drive and was not driving on errand for owner, but for own pleasure; mere presence of insured's son in the car was not tantamount to the insured's consent); *Coco v. State Farm Mut. Auto. Ins. Co.,* 136 So.2d 288, 293 (La.App.1961) (driver not insured where owner permitted sons to use automobile generally, but instructed them never to allow anyone else to use it); *Farm Bureau Mut. Ins. Co. v. Dryden,* 492 S.W.2d 392, 394 (Mo.App.1973) (friend of insured's son was not covered where the son customarily asked permission to use the car and father had only once before allowed one of his friends to drive); *Helwig v. Esterly,* 205 Pa.Super. 185, 208 A.2d 10, 12 (1965) (no coverage where insured told first permittee not to let others drive, and first permittee did so anyway; first permittee lost his privilege to drive and therefore could not transfer implied permission of the insured to the second permittee); *Dearybury v. New Hampshire Ins. Co.,* 255 S.C. 398, 179 S.E.2d 206, 207 (1971) (no coverage where insured gave daughter general use of car, but told her not to let others drive); *Tristan v. GEICO,* 489 S.W.2d 365, 368 (Tex.Civ.App.1972) (Court denied coverage to friend who drove for insured's sleepy son. Insured explicitly told son not to let friend drive; insured kept tight reins on the use of the car since friend had wrecked son's car the previous year); *Prisuda v. General Casualty Co.,* 272 Wis. 41, 74 N.W.2d 777, 782 (1977) (Court held mother had right to condition her son's permission to use the car on his exclusive operation and denied coverage to son's friend who drove at the son's request because he was tired).

sent theft or conversion).[9] The stated public policy reasons have included the desire to simplify this complex area of the law as well as to extend coverage of private insurance contracts. *See Western States Mut. Ins. Co. v. Verucchi,* 66 Ill.2d 527, 6 Ill.Dec. 879, 881, 363 N.E.2d 826, 828 (1977).

According to the most recent ALR annotation, 21 A.L.R.4th 1146, the broad view is that even where the first permittee is expressly prohibited from allowing, others to drive coverage ordinarily extends to a second permittee where the first permittee was a passenger in the vehicle at the time of the accident. The annotation cites eight jurisdictions, including Maryland (*Allstate* and *Kornke*), as adhering to this view. The other states ascribing to this stance are: Delaware, Georgia, Kansas, Maine, Mississippi, Missouri and Montana. 21 A.L.R.4th at 1189–90.[10] Another group takes the position that coverage does not necessarily extend to a second permittee simply because the first permittee is in the car with the second permittee at the time of the accident. These jurisdictions include Louisiana, Pennsylvania and Texas.

Where the initial permission is from the parent, such as in the instant case, the Courts have again held in conflicting fashion. Some Courts have construed the policy in favor of the insured to support a strong legislative policy protecting innocent victims of car accidents. *Allstate Ins. Co. v. Nationwide Mut. Ins. Co.,* 273 A.2d 261, 263 (Del.1970). Other Courts have found implied permission on the part of the insured as a result of the specific factual circumstances. *Farm Bureau Mut. Ins. Co. v. Hmelevsky,* 97 Idaho 46, 539

---

**9.** *See Maryland Casualty Co. v. Iowa Nat'l Mut. Ins. Co.,* 54 Ill.2d 333, 297 N.E.2d 163, 168 (1973); *Murphy v. Clancy,* 83 Ill.App.3d 779, 38 Ill.Dec. 863, 404 N.E.2d 287, 300 *aff'd in part and rev'd in part,* 88 Ill.2d 444, 58 Ill.Dec. 828, 430 N.E.2d 1079 (1980); *State Farm Mut. Auto. Ins. Co. v. Zurich American Ins. Co.,* 62 N.J. 155, 299 A.2d 704, 710 (1973); *Odolecki v. Hartford Accident & Indemnity Co.,* 55 N.J. 542, 264 A.2d 38, 42 (1970).

**10.** It should be noted, however, that the very same Courts have, on different facts, declined to extend coverage.

P.2d 598, 603 (1975) (the Court found implied permission despite general prohibition where daughter went out, purchased drugs, became ill and asked a friend to drive her home). Still other Courts have refused to extend permission to the second permittee. *See, e.g., Selected Risk,* 287 A.2d at 678 (Court denied coverage where policy stated that anyone using the car with the permission of the owner was covered "providing his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission." Owner did not know his daughter's friend or that they were going out that evening.) We turn next to the case before us.

## "USING" AND "ACTUAL USE": THE GEICO POLICY
### —Use Versus Operation—

The key elements of coverage under the GEICO policy rely on the interpretation of "using" and "actual use." Nationwide charges error in the trial court's interpretation of "using" under the policy. It argues that Maryland case law supports a finding of coverage if, at the time of the accident, the car was being used for a permitted purpose. GEICO argues that it is the fact that the second paragraph of the "Persons Insured" clause of the GEICO policy uses the word "permission" twice which is significant. We agree with Nationwide on both points.

In the case at bar, Nationwide urges that Stephen was covered by the GEICO policy because:

(1) Nancy (first permittee), who *did* have permission to use the car, was in the car at the time of the accident; or alternatively

(2) Stephen (second permittee) received permission to drive from Nancy (first permittee) and was acting for a purpose benefitting the first permittee.

These are the two subparts of the first exception alluded to in *Bond,* 289 Md. at 386 n. 1, 424 A.2d 765, and the two reasons from *Kornke,* 21 Md.App. at 196–97, 319 A.2d 603. The first sentence of the second paragraph of the "Persons Insured" section of the GEICO policy requires that the "any

other person" is "using" the auto with the insured's permission. The significance of the definition of "using" is evident. In *Kornke*, 21 Md.App. at 180–181, 319 A.2d 603, which Nationwide argues is directly on point, the Maryland Indemnity omnibus clause at issue provided:

"Definition of Insured. (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, *and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.*" (Emphasis added.)

In the instant case, the trial court distinguished *Kornke*. It stated that the GEICO policy was a "two-step" policy which required the other person to be using the vehicle with the insured's permission and the actual use must be within the scope of that permission, whereas the *Kornke* policy simply required that the "actual use" of the vehicle was with the permission of either the insured or his or her spouse. We agree with the trial court's two-step analysis and with GEICO's argument that the two requirements must be analyzed separately. But we disagree with the finding that Stephen was not a permitted user of the car within the policy provisions.

Here, regarding "use" the trial court held that "the other person [Stephen] was not using the vehicle with the permission of the named insured." The court apparently limited the meaning of the word "use" to "operate" because it did specifically find that Mr. Bonnar had told Nancy that she was the only person who could drive the car. This narrow view of "using" is not in keeping with the Maryland case law. As the Court of Appeals observed in *Mitnick*, 180 Md. at 607, 26 A.2d 393, "using a car in the ordinary acceptation of the words seems clearly to include a borrower's making use of it by riding while driven by another." Thus a user

does not have to be driving the car, but can be a passenger in it. The *Kornke* Court made this dichotomy transparent. In *Kornke,* we relied on *Indemnity Insurance Co. v. Metropolitan Casualty Insurance Co.,* 33 N.J. 507, 166 A.2d 355, 358 (1960), for the analysis that the words "use" and "operation" are not synonymous. The New Jersey Court observed:

> "[U]se of an automobile denotes its employment for some purpose of the user; the word 'operation' denotes the manipulation of the car's controls in order to propel it as a vehicle." [11]

The *Indemnity Insurance* Court extended coverage to the second permittee despite testimony that the insured had specifically prohibited him from driving. Under *Indemnity Insurance* and *Kornke,* Nationwide argues that Stephen was permitted to "use" the Bonnar vehicle, since he was expressly authorized to be a passenger. Indeed, there was agreement that Mr. Bonnar gave Nancy express permission to drive Stephen to school almost a month prior to the accident when Stephen's vehicle became inoperable.[12] Thus, under this broader and generally accepted conception of "use," we hold that Stephen did have permission to "use" the vehicle. This does not complete our inquiry, however.

### —Actual Use—

Nationwide insists that the "actual use" of the car was within the scope of the permitted purpose under the second

---

11. Although this was the majority's opinion, there was a dissent which stated that "this is purely semantics in derogation of the purpose of the omnibus clause." *Indemnity Ins. Co.,* 166 A.2d at 360 (Hall, J. dissenting.) We note that Maryland case law has already indicated that the omnibus clause in an insurance policy is intended to extend coverage and must be liberally construed in favor of the insured. *DeJarnette v. Federal Kemper Ins. Co.,* 299 Md. 708, 714, 475 A.2d 454 (1984). Moreover, if the word "use" is unclear, we would still hold against the interests of GEICO since any ambiguities in an insurance policy are decided against the author of the contract. *Mckoy v. Aetna Casualty & Surety Co.,* 281 Md. 26, 31, 374 A.2d 1170 (1977).

12. The court did not make a finding on this particular fact, however, it was not denied or otherwise controverted.

sentence of the second paragraph since Stephen was driving to school, admittedly a permitted purpose. GEICO, on the other hand, argues that "actual use" means not only the purpose for which the car is being used, but also the manner in which the vehicle is used.

The *Melvin* Court opined that there was "no reason to limit the meaning of the words 'actual use' to the operation of a vehicle." *Melvin*, 232 Md. at 478, 194 A.2d 269. Further, the Court of Appeals observed that many cases from other jurisdictions indicate that the actual use of a vehicle is "the particular use contemplated when permission is granted and relied upon." *Melvin*, 232 Md. at 479, 194 A.2d 269 (citations omitted). *See also Cohen*, 255 Md. at 348, 258 A.2d 225. While the *Melvin* concept of "actual use" seems to place more weight on what the insured thought when permission was granted than on the "actual use" of the vehicle at the time of the accident, it is clear that this definition is controlling in Maryland. *Accord, Kornke*, 21 Md.App. at 192, 319 A.2d 603. Since the "use contemplated" and the use at the time of the accident are the same, we need not delve into this issue.

In the instant case, the trial judge said, as a part of his findings of fact:

> "In this case, the actual use *may have been* [—] may have been within the scope of that permission because it was on the [—] the use was to go back and forth to school. So, *it would apply for the second actual [—] the second purpose of this policy.* But, the Court finds that this particular case does not fall within the first part of paragraph 2 under the persons insured provision." (Emphasis added.)

Although the court began by saying that the actual use "may have been" within the permitted purpose, the court clarified its finding in the next sentence when it stated that for the purposes of the second sentence of paragraph two, this instant case satisfied the "actual use" component of the GEICO policy. The trial judge found that the actual use was within the scope of the permission granted. We agree.

The word "use" and the phrase "actual use" do not appear to be vastly different, though we have indicated that in Maryland "actual use" begs consideration of the owner's intent. GEICO argues that Mr. Bonnar did not intend for there to be three people in the car. The fact that there were three people present renders the "actual use" in violation of Mr. Bonnar's permission for Stephen to use the car. If GEICO's argument was correct, then Mr. Bonnar could also have told Nancy not to drive "negligently" and if she had driven "negligently" she would not be covered. But this would defeat the purpose of the insurance policy. GEICO wrote the policy. Had it wanted to preclude this type of liability, it could easily have done so. Moreover, GEICO's citation of the *Bond* Court's holding that "when the use being made of an automobile is operation of it, this policy in unambiguous language specifies that the person operating the vehicle enjoy permission to do so from the person insured," *Bond*, 289 Md. at 387, 424 A.2d 765, is inapposite. The *Bond* policy explicitly stated that the "actual operation" must be within the scope of the insured's permission. The GEICO policy at issue does not. Further, we disagree with GEICO's premise that, in effect, permission must be granted twice. We read the second mentioning of "permission" as relating back to the first grant of permission.

The purpose for which Stephen was driving was to go to school. The fact that Sean was in the car despite Mr. Bonnar's ban does not affect the purpose for which the car was driven. Our decision is in accord with other jurisdictions which have analyzed this issue. *See Allstate Ins. Co. v. Nationwide Mutual Ins. Co.*, 273 A.2d 261, 263 (Del. 1970); *Strickland v. Georgia Casualty & Surety Co.*, 224 Ga. 487, 162 S.E.2d 421, 424–25 (1968).

Further, such a finding of the court would be subject to a clearly erroneous standard. Rule 8–131(c). The court found that Stephen changed positions with Nancy for the sake of convenience. According to the testimony given, he did not ask to drive, nor did Nancy ask him to drive. Sean

was picked up for the specific purpose of going to school. Sean lived within the same community and attended the same high school.[13] In view of these facts, we cannot say that the trial court's finding that Stephen's driving was for a permitted purpose is clearly erroneous.

## CONCLUSION

Since the two requirements of section 2 have been fulfilled, namely that Stephen was using the vehicle with the insured's permission and that the actual use was within the scope of that permission, Stephen qualifies as an insured under the GEICO policy. Further, we hold that this case, like *Kornke*, fits the first exception alluded to in *Bond* since the first permittee was both present and benefitted by the second permittee's driving.

JUDGMENT REVERSED.

COSTS TO BE PAID BY GEICO.

---

**13.** There was no testimony or argument suggesting that picking Sean up was a frolic or detour. GEICO simply argues that having three people in the car altered the "actual use" of the automobile.