WATTS, J,
concurring, in which HARRELL and BATTAGLIA, JJ, join.
Respectfully, I concur in the judgment only.[1] I would hold that, where a named insured has expressly prohibited a second permittee from driving a vehicle, coverage under an omnibus clause may extend to the second permittee only if, at the time of the accident: (1) the first permittee is in the vehicle; (2) the second permittee is using the vehicle for some purpose or benefit of the first permittee; and (3) the use of the vehicle is within the scope of permission for use that the named insured granted.
*400 After a thorough review of the relevant case law, I am convinced that Maryland precedent firmly establishes that coverage under an omnibus clause of an automobile liability insurance policy does not extend to a second permittee who is expressly forbidden from driving the insured vehicle and who gets into an accident when the first permittee is not in the vehicle.
In Md. Indem. Ins. Co. v. Kornke, 21 Md.App. 178, 179, 193, 197, 319 A.2d 603, 604, 612, 614 (1974), the Court of Special Appeals held that coverage under an omnibus clause of an automobile liability insurance policy extended to a second permittee where the named insured of the vehicle had restricted use of the vehicle to a first permittee, but the first permittee was in the vehicle at the time of the accident. That Court described omnibus clauses as follows:
The so-called ‘omnibus clause,’ required by statute in a number of states, is in addition to the general insuring clause and extends the protection of the automobile liability insurance policy to any person using the insured vehicle provided the use (or ‘actual use’) is by the named insured or with his permission or consent. The clause, irrespective of language variations, clothes the named insured with broad authority to constitute other persons as ‘additional insureds.’
Id. at 180, 319 A.2d at 604-05 (footnotes omitted).
In Kornke, id. at 181-82, 319 A.2d at 605, Kornke, the named insured, gave his teenage son permission to drive the car for purposes of going to school and work, and the son drove the car “almost every day” for those purposes. The son was “under explicit instructions not to allow anyone else to drive the [ ] car.” Id. at 182, 319 A.2d at 606. One day, with his father’s permission, the son drove the car, with three of his friends, to a farm. Id. at 182, 319 A.2d at 606. On the way to the farm, the car experienced an electrical problem, and the son stopped the car and received an electric shock while fixing the problem, causing his right arm to temporarily go numb. Id. at 182, 319 A.2d at 606. One of the son’s friends then took *401 over driving, with the son as a passenger in the car, and an accident occurred. Id. at 183, 319 A.2d at 606. The Court of Special Appeals indicated that the question for decision was whether the car was being used with the father’s permission given the father’s “express prohibition ... against allowing anyone else to drive.” Id. at 183-84, 319 A.2d at 606-07.
That Court began by observing that the policy’s omnibus clause extended coverage to “any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.” Id. at 180-81, 319 A.2d at 605 (emphasis added). For guidance, the Court of Special Appeals relied on Hardware Mut. Cas. v. Mitnick, 180 Md. 604, 26 A.2d 393 (1942) and Melvin v. Am. Auto. Ins. Co., 232 Md. 476, 194 A.2d 269 (1963), “neither of which ... involved the question of coverage vel non of a second permittee.” Kornke, 21 Md.App. at 184, 319 A.2d at 607.[2] After reviewing Mitnick, Melvin, and other *402 relevant authorities, the Court of Special Appeals reached the following six conclusions concerning construction of omnibus clauses:
1) Where coverage is extended by the omnibus clause only to persons using the vehicle with the permission of the named insured (or other designated person) coverage depends upon the scope of the permission granted.
2) In determining whether the scope of permission has been exceeded, Maryland has not adopted the strict rule, the liberal rule, or the minor deviation rule. However, Melvin supports by implication the minor deviation rule.
3) ‘Actual’ use with the permission of the named insured is ‘the particular use contemplated when permission is granted and relied on.’
4) Such use and the operation of the car at the time of accident are not ‘synonymous,’ for using a ear by a borrower includes riding in it while another drives, at least where the former remains ‘the custodian of the instrumentality confided to his keeping,’ or the latter ‘is the agent or servant of another and subject to his immediate and present direction and control.’
5) There is no case in Maryland squarely addressing the issue of whether a restriction upon the operation of the car, i.e., a prohibition against permitting a third person to drive it, is not a factor in determining whether the operation of the car is in accordance with the particular use contemplated when permission was granted and relied on.
6) Nevertheless, the thrust of Maryland decisions is that in determining whether the operation is within the permission required by the omnibus clause ‘one must examine the total facts,’ and the facts of paramount significance respecting a clause for permitted use (as against permitted operation) do not pertain to the identity of the driver but to whether at the time of the accident the operation of the car was for a *403 purpose germane to the permission granted, whether it was for the convenience of the named insured or the first permittee, and whether the latter was present in the car at the time of the accident.
Kornke, 21 Md.App. at 191-92, 319 A.2d at 611. The Court of Special Appeals observed that the sixth conclusion was “in accord with the large majority of cases cited by the Court of Appeals in Mitnick and Melvin[.]” Id. at 192-93, 319 A.2d at 611 (italics added).
Based on these conclusions, the Court of Special Appeals held:
[T]he total facts in this case support a finding that [the son] was still ‘using’ his father’s car, even though [the son’s friend] was driving the car at the time of the accident, and that the ‘actual use’ was with the permission of [the father]. Certainly, at the time of the accident, the operation of the car by the second permittee was for a purpose germane to the permission granted by father to son; it was, at the very least, for the convenience of the first permittee (if not, indeed, a matter of necessity in the light of the son’s testimony), and, of course, the first permittee was present in the car at the time of the accident.
Id. at 193, 319 A.2d at 612. As to the circumstance that the father had prohibited the operation of the car by any person other than his son, the Court of Special Appeals concluded that such a prohibition did not preclude extending coverage to the son’s friend under the omnibus clause. Id. at 194, 319 A.2d at 612. That Court explained:
[A] distinction is validly made between situations where the law denies coverage under the omnibus clause because the named insured expressly prohibited the use of the automobile by any person other than his permittee and a second permittee had used the car solely for his own benefit; and, on the contrary, where the law permits coverage because a) the original permittee was riding in the car with the second permittee at the time of the accident; or b) because the *404 second permittee was serving some purpose or advantage of the first permittee when the accident occurred.
Without being required to choose between the ‘liberal rule’ and the moderate or ‘minor deviation’ rule, [ ] we hold that as both of the above tests were satisfied in the instant case, then upon either rule the Kornke automobile was being used within the scope of the permission granted by the named insured when the accident occurred, and that, therefore, [the son’s friend] was an insured under the omnibus clause of the ... policy issued to [the father].
Id. at 196-97, 319 A.2d at 613-14 (citations and some paragraph breaks omitted).
A year after Kornke, in Fed. Ins. Co. v. Allstate Ins. Co., 275 Md. 460, 472, 341 A.2d 399, 406-07 (1975), this Court held that coverage under an omnibus clause of an automobile liability insurance policy extended to a second permittee where the first permittee was in the vehicle at the time of the accident. In that case, Direct Way Auto Shippers, a company that delivered vehicles for its customers from New York to Florida, hired a driver, Frank, to deliver a vehicle to Florida. Id. at 463-64, 341 A.2d at 402. Despite Direct Way not having granted Frank permission to have other drivers or passengers on the trip, Frank took his girlfriend and another friend, Straz, on the trip. Id. at 464, 341 A.2d at 403. Straz was driving the vehicle when an accident occurred in Maryland. Id. at 464-65, 341 A.2d at 403.
We observed that the critical question was whether Frank and Straz were insured under Direct Way’s insurance policy with Allstate. Id. at 470, 341 A.2d at 405. We held that Frank was covered under the Allstate insurance policy, explaining:
Since Frank, the first permittee of Direct Way, was in the car while enroute to Florida at the time of the accident, it was still being used for the purpose for which it was given to Frank. Because Frank was the ‘custodian of the instrumentality confided’ to him, it is clear under the Maryland cases that he was using the automobile. Accordingly, Frank is an insured under the Allstate policy.
*405 Id. at 470-71, 341 A.2d at 406. As to Straz, we observed that, given the language of the Allstate insurance policy, he would be covered as a second permittee “only if he was using the automobile with the implied permission of Direct Way.” Id. at 471, 341 A.2d at 406. To that end, we stated:
The ‘general rule’ that a permittee may not allow a third party to ‘use’ the named insured’s car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee.
Id. at 471, 341 A.2d at 406 (quoting 7 Am.Jur.2d, Automobile Insurance, § 117 (1963)). Thus, we held that Straz was covered under the Allstate insurance policy as a second permittee, explaining:
[T]here was implied permission from Direct Way to Frank to subdelegate the driving to Straz, in light of these facts: the first permittee (Frank) was a passenger in the car and had control and direction of the car; subdelegation of permission to drive was not specifically forbidden; the second permittee (Straz) was serving some purpose of Frank; and both Straz and Frank, by driving the [ ] vehicle to Florida, were serving a purpose of the named insured (Direct Way). Consequently, Straz is also an insured under the omnibus clause of the Allstate policy.
Id. at 472, 341 A.2d at 406-07.
In Bond v. Pa. Nat’l Mut. Cas. Ins. Co., 289 Md. 379, 385-86, 382, 424 A.2d 765, 768-69, 767 (1981), we held that coverage under an omnibus clause of an automobile liability insurance policy did not extend to a second permittee where the named insured had expressly prohibited the first permittee from allowing the second permittee to drive the car and the first permittee was not in the car at the time of the accident. The named insured permitted her daughter to “enjoy near exclusive use of the” car, but expressly instructed the daughter not to allow anyone else, including the daughter’s friend, to *406 drive the car. Id. at 382-83, 424 A.2d at 767. The car was insured under a policy that provided coverage to the “insured,” which included “any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.” Id. at 381, 424 A.2d at 766. One day, the daughter permitted her friend to drive the car, and an accident occurred. Id. at 382, 424 A.2d at 767.
We stated “that the principal focus of our inquiry [was] on the relationship between the named insured (the mother) and the first permittee ([the daughter]) and not ... between the first and second permittees.” Id. at 385, 424 A.2d at 768. We held that the daughter’s friend was not covered under the insurance policy, and explained:
[O]nce the trier of fact determined ... that the named insured “had specifically restricted her daughter [] from allowing anybody, including [the daughter’s friend], to drive the car,” and that this express ban was operative when the accident occurred, there is no escape from [the trial court]’s further conclusion that “you cannot imply something in face of an express statement to the contrary.” This is so because implied permission arises from the use of circumstantial evidence showing a course of conduct indicative of mutual acquiescence or a lack of objection signifying permission and, thus, it flows by inference to fill the void created by the absence of an express statement. But when an uncountermanded express statement exists, there is no vacuum to be filled. The vast majority of our sister jurisdictions considering the matter have reached a decision which is in accord with the view we express.
Id. at 385-86, 424 A.2d at 768-69 (citations and footnote omitted). We added, however:
[There are] two variations from the general rule denying coverage to the second permittee where the named insured expressly prohibited the first permittee from allowing others to drive the car. They are, one, where the first permittee *407 was riding in the car, or was benefited by its operation, and two, where the second permittee’s driving was occasioned by an emergency or a situation involving elements of urgency or necessity, benefiting the first permittee. Neither of these variations are applicable here, and we have in this case no occasion to consider their viability[.]
Id. at 386 n. 1, 424 A.2d at 769 n. 1.
Eight years later, in Nationwide Gen. Ins. Co. v. Gov’t Emps. Ins. Co., 81 Md.App. 104, 107, 566 A.2d 1117, 1118 (1989), cert. denied, 319 Md. 72, 570 A.2d 864 (1990), the Court of Special Appeals held that a second permittee was covered under the omnibus clause of an automobile liability insurance policy because the second permittee was a permitted user of the vehicle, the actual use of the vehicle was within the scope of that permission, and, significantly, the first permittee was in the vehicle at the time of the accident. The named insured allowed his daughter to use the vehicle for transportation to and from school, and expressly instructed the daughter that nobody else, including her boyfriend, was allowed to drive the vehicle. Id. at 106, 108, 566 A.2d at 1118. The omnibus clause provided to coverage to the named insured; his or her relatives; “any other person using the auto with [the named insured’s] permission” provided that “[t]he actual use [was] within the scope of that permission”; and “any other person ... for his ... liability because of acts or omissions of an insured under” the other categories of coverage. Id. at 108, 566 A.2d at 1119 (emphasis omitted). One day, on the way to school, the daughter’s boyfriend drove the car, in which the daughter was a passenger, and an accident occurred. Id. at 106, 566 A.2d at 1118.
In evaluating the case, the Court of Special Appeals distinguished Bond, noting that: (1) “[u]nlike Kornke and the instant case, the first permittee was not present in the automobile when the Bond accident occurred”; and (2) “[t]he omnibus clause at issue in Bond contained language which limited the ‘actual operation’ to the scope of such permission.” Nationwide, 81 Md.App. at 113-14, 566 A.2d at 1121-22. The *408 first distinction was critical to that Court’s holding, as it explained:
[T]he instant case falls within the first proposed exception alluded to in Bond, and meets the Komke “tests” since [the daughter], the first permittee, was in the car with [the second permittee, her boyfriend] and was benefitted by its operation____ Further, the present case is factually quite similar to Komke and unlike Bond since the first permittee accompanied the second permittee.
Nationwide, id. at 115, 566 A.2d at 1122. The Court of Special Appeals observed that its holding was in accord with other jurisdictions, explaining that “the broad view is that[,] even where the first permittee is expressly prohibited from allowing[ ] others to drive[,] coverage ordinarily extends to a second permittee if the first permittee is a passenger in the vehicle at the time of the accident.” Id. at 117, 566 A.2d at 1123 (citation omitted). At the conclusion of the opinion, the Court of Special Appeals stated: “[T]his case, like Komke, fits the first exception alluded to in Bond since the first permittee was both present and benefitted by the second permittee’s driving.” Id. at 123, 566 A.2d at 1126.
More recently, in Liberty Mut. Ins. Co. v. Md. Auto. Ins. Fund, 154 Md.App. 604, 610, 616, 841 A.2d 46, 49, 53 (2004), the Court of Special Appeals held that a second permittee was not covered under the omnibus clause of an automobile liability insurance policy even though the first permittee was in the vehicle at the time of the accident because, at the time of the accident, the second permittee was not operating the vehicle within the scope of permission that the named insured granted. The automobile liability insurance policy defined “insured” as “[y]ou and any person while using a covered automobile with your permission” and “[a]ny person ... legally responsible for the use of a covered automobile provided its actual use is by you or with your permission.” Id. at 610, 841 A.2d at 49. One day, the named insured instructed his son to use the car to take his mother to work and then bring the car back. Id. at 607, 841 A.2d at 48. After leaving the named insured’s house with the car, the son picked up his friend and *409 his mother, and the son dropped off his mother at work. Id. at 607-08, 841 A.2d at 48. After dropping off his mother, the son and his friend decided to visit the friend’s cousin in Washington, D.C.; because the son was not familiar with the area, he let his friend drive. Id. at 608, 841 A.2d at 48. While driving the vehicle, the friend struck a parked car, which was propelled into a pedestrian. Id. at 608, 841 A.2d at 48.
The Court of Special Appeals observed that there was “ample evidence” that the father and son had a “mutual understanding” that only the son would drive the car. Id. at 611, 841 A.2d at 50. Accordingly, the Court of Special Appeals held:
Because [the son] was prohibited from allowing others to drive his father’s vehicle, and because the vehicle was on the way back from an unauthorized detour when the accident occurred, [the son’s friend] was not covered by the [insurance] policy. Moreover, as we shall see, appellant’s claim that the [trial] court erroneously relied on Bond and not Komke in deciding this case is without merit, as it is Bond which is applicable to the instant case and Komke which is distinguishable from it.
Id. at 612-13, 841 A.2d at 51. Relying on Bond, the Court of Special Appeals explained: “[T]he owner’s insurance company is not the primary insurer in instances where the owner of the covered vehicle has not given express or implied permission to the second permittee to drive his car.” Id. at 614, 841 A.2d at 52. That Court concluded:
Even though [the friend] was driving because he reportedly knew the D.C. area better than [the son], the operation of [the named insured]’s car was not “for a purpose germane to the permission granted.” There is no dispute that [the son] was given permission to use the car only for the purpose of taking his mother to work. After completing that task, [the son] and [the friend] decided, without consulting [the named insured], to continue on into the District of Columbia to pick up [the friend]’s cousin. Since [the son] was not granted permission to use the car for any other *410 purpose than to take his mother to work, the use of the car at the time of the accident was outside the scope of the permission granted. Therefore, the [trial] court did not err in finding that [the friend] was not covered under the [insurance] policy.
Id. at 616, 841 A.2d at 53 (citation omitted).
After examining the principles and authorities above, I would hold that, where a named insured expressly prohibits a second permittee from driving the vehicle, coverage under an omnibus clause may extend to the second permittee only if, at the time of the accident: (1) the first permittee is in the vehicle; (2) the second permittee is using the vehicle for some purpose or benefit of the first permittee; and (3) use of the vehicle is within the scope of permission for use that the named insured granted. In applying this holding, I would start by identifying the key players and the scope of permission. Dwyer was the named insured. Karen was the first permittee, as Dwyer permitted Karen to drive and use the Subaru. Abdulkhalek was the second permittee, as Karen gave him the keys to the Subaru and tasked him with picking up their children from school. As to the scope of permission between the named insured and the first permittee, see Bond, 289 Md. at 385, 424 A.2d at 768 (“[T]he principal focus ... i[s] on the relationship between the named insured ... and the first permittee ... and not ... between the first and second permittees.”), the record demonstrates that Dwyer permitted Karen to drive and use the Subaru without restriction; in other words, Karen’s use of the Subaru was not limited to certain purposes or tasks, but rather included use for any purpose, including picking up her children from school. As Abdulkhalek knew, however, Dwyer expressly prohibited him from driving the Subaru; in other words, Dwyer’s permission to Karen, although not limited as to purposes or tasks, was restricted in that Abdulkhalek was not permitted to drive the Subaru.
I know of no case in which a Maryland appellate court has extended coverage under an omnibus clause of an automobile liability insurance policy to a second permittee where the *411 second permittee was expressly prohibited by the named insured from driving the vehicle and the first permittee was not in the vehicle at the time of the accident. To the contrary, a review of the case law leads to the exact opposite conclusion — that coverage under an omnibus clause does not extend to a second permittee where the named insured expressly prohibits the first permittee from allowing the second permit-tee to drive the vehicle and where the first permittee is not in the vehicle at the time of the accident. See Bond, id. at 385-86, 424 A.2d at 768-69. For coverage under an omnibus clause to be extended to a second permittee, the first permit-tee must be in the vehicle at the time of the accident, and the second permittee must be serving some purpose or benefit of the first permittee. See, e.g., Allstate, 275 Md. at 472, 341 A.2d at 406-07 (We held that coverage extended to the second permittee because, in relevant part, “the first permittee [ ] was a passenger in the car and had control and direction of the car; [and] the second permittee [ ] was serving some purpose of’ the first permittee); Nationwide, 81 Md.App. at 115, 566 A.2d at 1122 (The Court of Special Appeals held that coverage extended to the second permittee because “the first permit-tee[] was in the car with [the second permittee] and was benefitted by its operation.”); Kornke, 21 Md.App. at 197, 193, 319 A.2d at 614, 612 (The Court of Special Appeals held that coverage extended to the second permittee because, at the time of the accident, the second permittee’s driving of the car was, “at the very least, for the convenience of the first permittee ..., and, of course, the first permittee was present in the car[.]”).
Precedent clearly establishes that, for coverage under an omnibus clause to extend to a second permittee, when the second permittee has been expressly forbidden by the named insured from driving the vehicle, the first permittee must be in the vehicle at the time of the accident. Indeed, not only must the first permittee be in the vehicle at the time of the accident, but also, the use of the vehicle itself must be within the scope of permission that the named insured granted. See Liberty, 154 Md.App. at 616, 841 A.2d at 53 (“[T]he operation of [the *412 named insuredj’s car was not ‘for a purpose germane to the permission granted.’ ... [TJhe use of the car at the time of the accident was outside the scope of the permission granted.” (Citation omitted)); Kornke, 21 Md.App. at 193, 319 A.2d at 612 (“[A]t the time of the accident, the operation of the car by the second permittee was for a purpose germane to the permission granted by” the named insured).
I would reject Petitioners’ contention that there is an exception in Maryland case law providing coverage to a second permittee, even if the first permittee is not in the vehicle at the time of the accident, so long as the second permittee’s use of a vehicle serves some purpose of, or benefits, the first permittee. In support of this position, Petitioners seize on the following language in Kornke, 21 Md.App. at 197, 319 A.2d at 613-14: “or b) because the second permittee was serving some purpose or advantage of the first permittee when the accident occurred.” (Emphasis added) (citations and paragraph break omitted). Petitioners theorize that Komke sets forth an “either/or” test, under which coverage may extend to second permittees either where the first permittee is in the vehicle at the time of the accident or where the first permittee is not in the vehicle but the second permittee is serving some purpose or benefit of the first permittee. In Kornke, id. at 196-97, 319 A.2d at 613-14, the Court of Special Appeals stated:
[A] distinction is validly made between situations where the law denies coverage under the omnibus clause because the named insured expressly prohibited the use of the automobile by any person other than his permittee and a second permittee had used the car solely for his own benefit; and, on the contrary, where the law permits coverage because a) the original permittee was riding in the car with the second permittee at the time of the accident; or b) because the second permittee was serving some purpose or advantage of the first permittee when the accident occurred.
(Citations and paragraph break omitted). That the Court of Special Appeals in Kornke used the word “or,” however, is not dispositive given that Court’s holding and the long history in *413 both this Court and the Court of Special Appeals of applying the language in Komke with the word “and.”
In Kornke, id. at 192, 319 A.2d at 611, preceding the language set forth above, the Court of Special Appeals stated:
[T]he thrust of Maryland decisions is that in determining whether the operation is within the permission required by the omnibus clause ‘one must examine the total facts,’ and the facts of paramount significance respecting a clause for permitted use (as against permitted operation) do not pertain to the identity of the driver but to whether at the time of the accident the operation of the car was for a purpose germane to the permission granted, whether it was for the convenience of the named insured or the first permittee, and whether the latter was present in the car at the time of the accident.
(Emphasis added). Thus, the Court of Special Appeals acknowledged that, based on its review of the relevant authorities, in determining coverage under an omnibus clause, there are three significant factors — (1) whether at the time of the accident operation of the car was for a purpose germane to the permission given; (2) whether the car’s operation was for the convenience of the named insured or the first permittee; and (3) whether the first permittee was in the car at the time of the accident. The Court of Special Appeals used the term “and” when describing the factors; thus, all three factors must be satisfied.
Later, when discussing the exception — that, under certain circumstances, coverage may extend to a second permittee where the named insured expressly prohibited anyone other than the first permittee from driving the vehicle — the Court of Special Appeals set forth factors “a” and “b” as described above and concluded:
Without being required to choose between the ‘liberal rule’ and the moderate or ‘minor deviation’ rule, [ ] we hold that as both of the above tests were satisfied in the instant case, then upon either rule the Kornke automobile was being used within the scope of the permission granted by the named insured when the accident occurred, and that, *414 therefore, [the second permittee] was an insured under the omnibus clause of the ... policy issued to [the named insured].
Id. at 196-97, 319 A.2d at 613-14 (citations and some paragraph breaks omitted). Viewed in context, it is evident that the Court of Special Appeals intended “a” and “b” as being two factors that formed a conjunctive test (or joint requirements) for coverage, and determined that both factors had been satisfied in Komke because, at the time of the accident, the first permittee was in the vehicle and the second permittee was serving some purpose of, or benefitted, the first permit-tee. In Kornke, the Court of Special Appeals did not resolve the case on the basis of one factor having been satisfied— instead, that Court determined both factors, or requirements, to be satisfied. The Court of Special Appeals stated that, given that both factors were satisfied, it did not matter (i.e., the Court was not required to resolve) whether the “liberal rule” or the “minor deviation rule”[3] applied in Maryland. Kornke, 21 Md.App. at 197, 319 A.2d at 614. In other words, in Komke, the Court of Special Appeals stated that, if both factors are satisfied — i.e., at the time of the accident, the first permittee is in the vehicle and the second permittee’s use of the vehicle is for the benefit or purpose of the first permit-tee — it does not matter whether Maryland is a “liberal rule” State or a “minor deviation rule” State because, under either rule, coverage would extend to the second permittee. In Komke, the first permittee’s presence in the vehicle at the time of the accident played a key role not only in satisfying both factors, but also in determining in the first instance that the first permittee was “using” the vehicle, as that term was used in the omnibus clause.
To the extent that Petitioners read Kornke as setting forth two separate tests or “exceptions” instead of two factors that *415 are jointly required, such a reading is inaccurate; and, in any event, such tests would be dicta. It is clear that, in Kornke, 21 Md.App. at 183, 319 A.2d at 606, the first permittee was in the vehicle at the time of the accident. Thus, under Petitioners’ interpretation, Kornke’s providing two alternative means for coverage was not based on the case’s facts, which did not involve an absent first permittee; thus, consideration of that circumstance was not necessary to the decision of the Court of Special Appeals.
In post-Kornke case law, it has become abundantly clear that the Court of Special Appeals and this Court view the two circumstances — i.e., that, at the time of the accident, the first permittee is in the vehicle and the second permittee is serving some purpose or benefit of the first permittee — as two factors that must both be satisfied to extend coverage under an omnibus clause to a second permittee. In other words, despite the one-time use of the word “or” in Kornke, the Court of Special Appeals and this Court have always applied the factors as a conjunctive, or two-part, test, and have required both factors to be satisfied. For example, in Allstate, 275 Md. at 471-72, 341 A.2d at 406-07, we employed a conjunctive, or two-part, test, holding that the second permittee was covered as an insured because, among other things, “the first permit-tee [] was a passenger in the car and had control and direction of the car” and “the second permittee [ ] was serving some purpose of’ the first permittee. (Citation omitted). In other words, we held that coverage under the omnibus clause extended to the second permittee because both factors were satisfied.
And, in Bond, 289 Md. at 386 n. 1, 424 A.2d at 769 n. 1, although repeating the word “or,” we described the two factors as part of one of two possible variations from the general rule, stating:
[There are] two [possible] variations from the general rule denying coverage to the second permittee where the named insured expressly prohibited the first permittee from allowing others to drive the car. They are, one, where the first *416 permittee was riding in the car, or was benefited by its operation, and two, where the second permittee’s driving was occasioned by an emergency or a situation involving elements of urgency or necessity, benefiting the first permittee.
(Emphasis added). Later, in Nationwide, 81 Md.App. at 115, 123, 566 A.2d at 1122, 1126, the Court of Special Appeals harmonized the two factors and used the word “and” when setting forth the factors, stating: “We hold that the instant case falls within the first proposed exception alluded to in Bond, and meets the Komke ‘tests’ since [ ] the first permit-tee[] was in the car with [the second permittee] and was benefitted by its operation”; and “we hold that this case, like Komke, fits the first exception alluded to in Bond since the first permittee was both present and benefitted by the second permittee’s driving.” (Emphasis added). Given Kornke and subsequent case law, I would hold that the first permittee’s presence in the vehicle at the time of the accident is a factor that must be satisfied to extend coverage under an omnibus clause to a second permittee.
A close reading of Maryland case law indicates that both this Court and the Court of Special Appeals have always required that the first permittee be in the vehicle at the time of the accident for coverage to extend to a second permittee. This critical circumstance is warranted for common sense reasons. By reading Komke as the Majority does, see Maj. Op. at 395-97, 112 A.3d at 492-93 — that Komke establishes an “either/or” disjunctive test permitting coverage to be extended to a second permittee where, at the time of the accident, the first permittee is not in the vehicle so long as the second permittee is serving some purpose or benefit of the first permittee — going forward, this Court will undoubtedly be faced with situations in which parties seek to extend insurance coverage under an omnibus clause to third, fourth, or even fifth permittees based solely on the assertion that the permit-tees were using vehicles for the benefit or purpose of a first permittee.[4] Under this scenario, any number of extended *417 permittees could presumably seek coverage. Rather than go down a slippery slope, I am convinced that Maryland is best served by maintaining what years’ worth of case law has established — that a first permittee must be in the vehicle at the time of the accident for coverage to extend to a second permittee.
Nor am I persuaded that Maryland’s compulsory motor vehicle insurance scheme mandates that coverage be extended in situations where a first permittee is not in the vehicle at the time of the accident. To be sure,
Maryland is a compulsory motor vehicle insurance state. Since the enactment of Ch. 73 of the Acts of 1972, effective January 1, 1973, “the owner of a motor vehicle registered or required to be registered in Maryland must maintain a motor vehicle insurance policy on the vehicle, or self-insurance approved by the [Motor Vehicle Administration].”
Montgomery Cnty. v. Distel, 436 Md. 226, 236, 81 A.3d 397, 403 (2013) (citation omitted) (alteration in original). The purpose of Maryland’s compulsory motor vehicle insurance scheme is “to provide coverage, or payment, for liability claims.” Id. at 237, 81 A.3d at 403 (citations and footnote omitted). Omnibus clauses, such as the one in the policy at issue here, generally “extend[ ] coverage to a third party who operates the vehicle within the permission of the named insured.” Id. at 249, 81 A.3d at 411 (citation omitted). In Distel, id. at 249-50, 81 A.3d at 411, we explained:
The purpose of an omnibus clause is to protect the named insured, the persons within the omnibus clause, and the *418 public generally and its members injured by the negligent operation of the insured automobile on a public highway.... [T]he Court of Special Appeals described the objectives served by an omnibus clause, including providing: (1) the injured person a right to proceed against the insurer in cases in which the insurer would not otherwise be liable because the automobile was not driven by the [named] insured; and (2) the additional insured the protection of automobile liability insurance without his having procured such a policy[.]
(Citations and internal quotation marks omitted) (last alteration in original). Although, under Maryland’s compulsory motor vehicle insurance scheme, every vehicle is required to be covered by an automobile liability insurance policy, an omnibus clause in a policy is not intended to extend coverage to any and all possible drivers of the insured vehicle. There are recognized limitations to coverage. For example, nothing in Maryland’s compulsory motor vehicle insurance scheme mandates the extension of coverage to car thieves or drivers who fall outside the extended coverage of an omnibus clause, such as those drivers who operate the vehicle outside of the scope of permission that the named insured granted. See id. at 250, 81 A.3d at 411 (“A permissive use clause limits the coverage under the omnibus clause to claims that arise while the third party is operating the vehicle within the scope of the permission granted by the named insured.” (Citation, footnote, and internal quotation marks omitted)). Obviously, use of a vehicle by a thief would be fall outside the scope of extended coverage of an omnibus clause, as the thief would not be using the vehicle for the benefit of the first permittee, and the thief may or may not be in a vehicle with the first permittee. The point of the comparison is, however, that Maryland’s compulsory motor vehicle insurance scheme — although intended to protect the public — contemplates, and, indeed, anticipates, that there are times in which there will not be insurance coverage; in other words, there is no doubt that there will be certain situations that are not afforded the extended coverage of an omnibus clause. As with other *419 limitations on coverage under an omnibus clause, the requirement that a first permittee be in the vehicle at the time of an accident for coverage to extend to a second permittee is an allowable limitation that is firmly established in Maryland case law.
For the above reasons, respectfully, I concur in the judgment only.
Judge HARRELL and Judge BATTAGLIA have authorized me to state that they join in this opinion.

. I fully join the Majority's conclusion that Ameen R. Abdulkhalek is not covered under the insurance policy because he was not using the vehicle for the first permittee's benefit at the time of the accident. See Maj. Op. at 397-99, 112 A.3d at 494.

. In Mitnick, 180 Md. at 605-07, 26 A.2d at 393-94, the first permittee was a passenger in the vehicle at the time of the accident, and the omnibus clause extended coverage to any person using the vehicle provided "the actual use is with the permission of the named insured[,]” and we held that “using” a vehicle includes riding in it while another drives. We explained: “[U]sing a car in the ordinary acceptation of the words seems clearly to include a borrower’s making use of it by riding while driven by another. [The first permittee] was still the director of the enterprise, still the custodian of the instrumentality confided to [her] keeping, still the master of the ship.” Id. at 607, 26 A.2d at 394 (citations and internal quotation marks omitted) (last alteration in original).
Similarly, in Melvin, 232 Md. at 477-79, 194 A.2d at 270-71, the first permittee was a passenger in the vehicle at the time of the accident, and the omnibus clause provided coverage to individuals using the vehicle “provided the actual use thereof is with the permission of the named insured[,]” and we stated: "We see no reason to limit the meaning of the words 'actual use’ to the operation of a vehicle, where the operator is the agent or servant of another and subject to his immediate and present direction and control.”
Significantly, in both Mitnick and Melvin, in holding that “use” includes riding while another drives, key to our decisions was that the first permittees were in the vehicles at the time of the accidents; the first permittees were still the masters of the ship, and the second *402 permittees were subject to the first permittees’ immediate direction and control.

. In Kornke, 21 Md.App. at 188, 319 A.2d at 609, the Court described the "liberal rule” as "whereby it is held that once permission is given, it will extend to any and all uses of the vehicle[,]” and described the "minor deviation rule” as a rule “under which the Courts hold that a slight deviation does not preclude coverage under the omnibus clause.”

. A third, fourth, and fifth permittee are those individuals extended permission in sequence from the second permittee; in other words, the *417 second permittee grants permission to a third permittee to drive a vehicle, a third permittee grants permission to a fourth permittee to drive a vehicle, and a fourth permittee grants permission to a fifth permittee to drive a vehicle, and so on. In short, if the first permittee’s presence in the vehicle is not required, there could be a chain of permittees who grant permission to another subsequent permittee such that the first permittee may not even know who is driving the vehicle in the end; in other words, at least theoretically, anyone could use the vehicle for the benefit of the first permittee whether they received authorization directly from the first permittee, or from a second permit-tee, or a third permittee.